————o————

THOMAS HUFFARD, Appellant, vs. WILLIAM GOTTBERG, Respondent.

1. *Mortgages and deeds of trust—Sales under—Disposition of proceeds.*—When a mortgage or deed of trust is given on property to secure the payment of notes maturing at different times, and the property, or a part thereof, is sold in accordance with the deed to satisfy one of the notes, the overplus, after satisfying the expenses of the trust and that note, must be held by the trustee subject to the same lien as the property was, even though the deed is silent as to the disposition of the overplus, and does not state that default in one note shall cause the others to become due and payable.

*Appeal from Cape Girardeau Court of Common Pleas.*

*Lewis Brown,* for Appellant.

I. The notes under the mortgage are to be paid in the order they became due; and under this mortgage the mortgagee had no right to sell on the 4th day of May, 1872, to pay the note or any part of it due on the first day of January, 1873.

II. The parties to a mortgage have the right to agree upon the terms of a power of sale of mortgaged premises, and where the sale takes place upon such terms as the parties were com-

petent to agree upon, and is faithfully and fairly executed, the courts will not interfere. (McNees vs. Swaney, 50 Mo., 388, citing Dobson vs. Racy, 4 Seld., 216 ; Elliott vs. Woods, 45 N. Y., 71 ; Reddick vs. Gressman, 49 Mo., 389 ; Allen vs. Ransom, 44 Mo., 263 ; Thornton vs. Irwin, 43 Mo., 153.)

*Louis Houck,* for Respondent, filed an elaborate brief, but it is necessarily omitted, the court not having considered the propositions argued therein.

ADAMS, Judge, delivered the opinion of the court.

The plaintiff executed to the defendant his ten promissory notes, of three hundred dollars each, to become due in the following order, to-wit : the first of January, 1872—1873—1874—1875—1876—1877—1878—1879—1880—1881 ; each bearing interest at eight per cent. per annum payable annually, and if not so paid to become principal and bear the same rate of interest. To secure these notes he and his wife executed a mortgage to the defendant on several tracts of land, situated in Cape Girardeau county. The mortgage provided, that if the plaintiff should fail to pay said notes or either, of principal or interest, as the same became due and payable, the said defendant, his heirs, executors, administrators or assignees, might proceed to sell the property therein described, or any part thereof, to satisfy what might be due on said notes, or either of them, of principal or interest, at public vendue to the highest bidder for cash in hand.

The mortgage further provided, that the defendant, his heirs, executors, administrators or assignees, might bid for and purchase any part of the property, provided the sale be conducted fairly and in accordance with the provisions of the mortgage.

It was further provided, that the proceeds of sale should be applied, first to pay the expenses of the trust, and next whatever might be in arrear and unpaid on said notes or either, of principal or interest, and the residue, if any, should be paid to the plaintiff or his personal representatives.

The first note, falling due on the 1st of January 1872, was

not paid, and after it became due the defendant, as mortgagee, according to the terms of the mortgage advertised the property for sale; and at the sale the property was cried off by the sheriff as auctioneer, and the defendant, as mortgagee, bid one piece of the land off, being the only piece sold, at the sum of sixteen hundred and fifty dollars—and the plaintiff has brought this suit, demanding the overplus of this sum of $1650, after payment of the expenses of the sale and the note due January 1st, 1872, and the interest thereon, which overplus is claimed to be $1250.

The case was tried by the court, and resulted in a judgment for the defendant. There was an agreed statement of facts, which showed, that the defendant did not intend to make a purchase of the property at the alleged sale, but only bid it off to prevent a sacrifice.

Declarations of law were given on both sides, and exceptions saved by the plaintiff, who has appealed to this court.

Under the view I have of the case, it is unnecessary to pass on anything that occurred at the trial.

The plaintiff's petition shows that he has no standing in court. It was not the intention of the parties to the mortgage, that the mortgagee was to surrender any part of his security by a sale of the mortgaged premises, or any part thereof. The true construction of the mortgage, in regard to the disposition of the proceeds of any sale that may be made, is, that the expenses of the trust are to be first paid, and then the notes and the interest thereon in the order as they become due. Within the meaning of the mortgage, all that have not been paid off, whether they have matured or not, are in arrear and unpaid, and no part of the proceeds can be paid to the mortgagee till all the notes and interest shall have been fully paid. It was not contemplated by the parties, that a sale of the premises should destroy the security for the notes not due. If there was nothing in the mortgage indicating the entire disposition of the proceeds of a sale, the trustee would still hold them for the security and payment of the whole indebtedness. This would be clear beyond dispute

18—VOL. LIV.

274 ST. LOUIS.

if there had been a single piece of property, and it had sold for more than would pay the matured note or notes. Would it be just or equitable, that the overplus in such case should go back into the hands of the mortgagee? What right has he to the overplus, when his debt still remains unpaid, and the whole property, and not a part of it, was mortgaged to secure the entire indebtedness? The overplus must be held subject to the same lien as the property was, from which it was derived.

Let the judgment be affirmed. The other judges concur.