R. E. Fryar et al. *v.* W. F. Fryar.

1. Deed of Trust. *Securing several notes. Sale before maturity of all. Application of proceeds.*

A deed of trust given to secure three several promissory notes, to mature at different times, empowered the trustee to sell the trust property in default of payment of "said notes, or either of them when due," and directed that the proceeds of the sale be applied "to the payment of said debt," and the "surplus, if any," be returned to the grantor. Two of the notes having matured and being unpaid, the trustee sold the trust property and the proceeds realized exceeded the amount due on the two matured notes. This excess the grantor claims should be paid to him, instead of being applied on the note not due. *Held,* that the proceeds of the sale should be applied to the payment of all the notes, including that not due as well as those past-due.

2. Same. *Sale before all the notes due. Surrender of notes. Effect.*

The fact that the property sold, as above stated, was bought by the beneficiary in the trust-deed who, thereupon surrendered the notes to the grantor, treating them as extinguished by his acquisition of the property, does not give the grantor any right to demand the money in excess of the sum required to pay the overdue notes.

Appeal from the Circuit Court of Tippah County.

Hon. W. S. Featherston, Judge.

On the 2d of December, 1881, W. F. Fryar executed a deed of trust upon a certain tract of land to R. E. Fryar as trustee, with the recital that it was "to secure the payment of five hundred dollars, which I [the grantor] owe to A. S. Fryar, which is evidenced by my notes of this date, due and payable as follows: one note for one hundred and sixty-six dollars, due on the 1st of December, 1882; one note, due on the 1st of December, 1883, for one hundred and sixty-six dollars; and one note for one hundred and sixty-eight dollars, due on the 1st of December, 1884, each of said notes to bear ten per cent. interest per annum after maturity." The deed

was conditioned as follows : " If I [the grantor] pay said notes when due, together with all interest and the costs of this trust, then this deed to be void, but if I fail to pay said notes, or either of them, when due, together with said interest and costs, then the said R. E. Fryar, as trustee, shall have power to sell said property," upon certain prescribed terms, " and to apply the proceeds of said sale to the payment of said debt, interest, and costs, and if any surplus, the same to be returned to me [the grantor]."

On the 1st day of February, 1883, W. F. Fryar paid one hundred and fifteen dollars on his note due the 1st of December, 1882. No further payment having been made, the trustee in the deed of trust given to secure the notes, on the 26th day of February, 1884, sold the land therein conveyed, and the same was bought by A. S. Fryar, the beneficiary in the deed, at the price of three hundred dollars. The trustee deeded the land to A. S. Fryar, but the latter, being the holder of the notes for the payment of which the land was sold, did not pay any of the purchase-price to the trustee. A few days after his purchase, A. S. Fryar surrendered to W. F. Fryar his three notes under circumstances which indicate that he regarded his acquisition of the land and surrender of the notes as " in full settlement of the whole transaction " between himself and W. F. Fryar.

On the 22d of March, 1884, and after he had obtained possession of the notes, W. F. Fryar brought this action before a justice of the peace to recover of R. E. Fryar seventy-two dollars, which the plaintiff claimed as due him out of the three hundred dollars, proceeds of the sale under the deed of trust, after the payment of the two notes then due. From a judgment by the justice of the peace against the defendant, he appealed to the circuit court, where, upon the trial of the case, the facts above stated were shown by the evidence. And the court instructed the jury for the plaintiff that if the three hundred dollars for which the land was sold, "together with the one hundred and fifteen dollars paid on the first note, were more than enough to pay off and discharge the two notes then due, it was the duty of the trustee to pay such surplus over to the plaintiff in accordance with the provisions of said deed of trust."

The court refused to give for the defendant an instruction in the following language:

"The court charges the jury for the defendant that if they believe from the evidence that the plaintiff owed A. S. Fryar the sum of five hundred dollars, and that it was secured by a deed of trust on land, and that by the terms of the trust the trustee was directed to sell said land in the event that the plaintiff, W. F. Fryar, should fail to pay any one of said notes when due, and that two of the notes were due before the trust deed was closed out, and that the amount bid at said trust sale was less than the total indebtedness of W. F. Fryar to A. S. Fryar, then the defendant had no right to demand the proceeds of said sale or any part thereof."

There was a verdict in favor of the plaintiff, and a judgment was rendered against the defendant and A. S. Fryar, the surety, on his appeal-bond, and from such judgment the defendants appealed to this court.

*Spight & Marmon*, for the appellants.

Plaintiff should not be permitted to claim anything from the proceeds of the sale by reason of his possession of the notes, being estopped by his conduct in misleading the holder of the notes into surrendering them. Biglow on Estoppel, pp. 475, 476, 477, 496.

It is well established that if a foreclosure by bill in chancery had been resorted to, the court would have decreed that the balance of the purchase-money of the land after paying the installments then due, together with interest and costs, would be applied to the payment of the installments *not* due, with rebate of interest on the note not due. *Salmon* v. *Claggatt*, 3 Bland (Md.) Reports, pp. 179 and 180; Hilliard on Mortgages, 4th ed., 2d vol., p. 207, § 76; *Peyton* v. *Ayres*, 2 Md. Chancery Reports 64; *Lacop* v. *Keegan*, 2 Carter's Louisiana Reports 456.

Under the power conferred by the trust-deed, the trustee, defendant below, was authorized to sell the land and hold any surplus to be applied on the note not then due, and the sale discharged the lien upon the land, but fixed it upon the purchase-money until the last note fell due. Hilliard on Mortgages, 4th ed., 2d vol., p. 251, §

17; 7 Paige (N. Y.) 451 (a case very much like the one at bar);
Jones on Mortgages, 2d vol., §§ 1937 and 1938; *Hufford* v. *Gott-
berg*, 54 Mo. 271; *Barber* v. *Casey*, 11 Barbour's N. Y. Reports
549; *Pope* v. *Durant*, 26 Iowa 233; *Olcott* v. *Bynum*, 17 Wal.
(U. S.) Reports 45.

Especial attention is directed to 7 Paige (N. Y.) 451 and 17 Wal.
45, as they are cases analogous to the one under consideration and
definitely settle the question at issue. See also 54 Mo. 271.

No counsel for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The court erred in giving the instruction for the plaintiff below
and refusing one asked by the defendant.

The grantor in the deed of trust was not entitled to recover of
the trustee the excess in the proceeds of the sale of the land over
what was necessary to pay the installments due when the sale was
made. The trust-deed was a security for the debt evidenced by
three promissory notes payable at different times. It provided for
a sale upon default as to any of the notes, and that "any surplus"
should be returned to the grantor. It was the duty of the trustee
selling to apply the proceeds of the sale to the payment of the debt
secured—the whole debt, and not merely the part due.

The "surplus" meant by the instrument was an excess over the
debt of five hundred dollars and interest, and as the sale did not
produce a surplus in this sense, the grantor had no claim on the
trustee. *Olcott* v. *Bynum*, 17 Wallace 44; *McLean* v. *Presby*, 56
Ala. 211; *Hufford* v. *Gottberg*, 54 Mo. 271; 2 Jones on Mort-
gages, § 1937.

The surrender of the notes by the payee and beneficiary in the
deed of trust, who had purchased the land at the sale by the trustee,
did not give the grantor in the deed of trust a right of action for
the money in excess of the sum required to pay the two notes over-
due. The beneficiary had bought the land and received a convey-
ance of title. He had not paid any money to the trustee, but as his
bid was less than the debt secured by the deed of trust, he yielded
to the request of the debtor to surrender the notes, treating them

as extinguished by his purchase of the whole property conveyed for their security. He had no thought of conferring on the maker of the notes the right to assert any claim by virtue of the notes, and he did not. The plaintiff below has no right to recover on the facts presented by this record.

*Reversed and remanded.*