# THE STATE v. NEIGHBORS, Appellant.

### Division Two, February 1, 1904.

1. **Carnal Knowledge:** FEMALE CONFIDED TO CARE AND PRO-
TECTION: TESTIMONY CORROBORATED. Where it is shown that
prosecutrix is less than eighteen years of age and has been
confided to the care and protection of defendant, and her tes-
timony as to the commission of the crime is corroborated, a
verdict finding defendant guilty of carnal knowledge is proper.

2. **Presence of Defendant at Trial:** PRESUMPTION. Where the
record shows that trial was had and verdict rendered on the
same day, and that defendant was present when the trial was
begun and the cause was submitted to the jury, it will be pre-
sumed, in he absence of evidence to the contrary, that he was
present during the whole trial.

Appeal from Wayne Circuit Court.—*Hon. J. L. Fort,*
Judge.

AFFIRMED.

*V. V. Ing* and *R. L. Ward* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam B.
Jeffries,* Assistant Attorney-General, for the State.

(1)     The prosecutrix is corroborated completely
by the testimony of witness Jines, who said he overheard
the entire transaction between defendant and the girl
on the night in question.   This evidence is sufficient to
convict.   (2)   It is not essential that the record show
the presence of defendant at each hour of the day.   If
it shows his presence at the beginning of the day, it will
be presumed that he was present during the entire day.
State v. Lewis, 69 Mo. 92; State v. Yerger, 86 Mo. 33;
Sec. 2610, R. S. 1899.

BURGESS, J.—Defendant was convicted in the circuit court of Wayne county, and his punishment fixed at two years' imprisonment in the penitentiary, under an information filed by the prosecuting attorney of said county, charging him with defiling one Maude Crandall, a female under the age of eighteen years, to-wit, of the age of twelve years, who was confided to his care and protection. He appeals.

The defendant conducted a small country store at Chaonia, Wayne county. The prosecuting witness, Maude Crandall, is an orphan, her mother and father having died in 1893 and 1899, respectively. She was born in 1889, and was therefore about thirteen years of age.

About five years before the crime is charged to have been committed, the girl's father sent her to defendant's home to live. Defendant is sixty-one years old, has been twice married, and is now living with his second wife. He has four children by his first wife, but none by his second. His oldest child is about forty years of age. The prosecutrix lived with defendant as a member of his family from the time she was placed in his charge by her father until shortly after the alleged offense, when she left his home and went to live with her uncle.

On the evening of August 4, 1902, defendant, after eating his supper, went to his store, entering at the back door. His residence was situated but a short distance from his store-room. Soon after going to the store defendant's wife and the prosecutrix followed him. His wife remained but a few minutes, returning to her home. There is a barber shop adjoining defendant's store, with an ordinary pine board partition one inch in thickness separating them. This barber shop was occupied by a man by the name of Nat Jines, who happened to be alone in his shop on the night in question. He heard two young men go in defendant's store and leave in a few moments. He heard the prosecutrix and defendant talking; heard her shame him; heard them having, as he

thought, sexual intercourse.   The next morning defendant went in the shop to get shaved.   He held his hands to his back and complained of not feeling well.   Jines told him he was not surprised after what happened the night before.   Defendant seemed surprised that Jines knew anything about his improper relations with the prosecutrix, and requested him to say nothing about it.

The prosecutrix stated on the witness stand that defendant had been having intercourse with her frequently for one year prior to August 4, 1902.

Defendant is not represented in this court, but in his motion for new trial and in arrest several errors are complained of, only a few of which seem worthy of consideration.

The first of these is that the verdict is against the evidence.   The evidence was all one way—no evidence at all being offered by the defendant.   It conclusively showed his guilt.   The child testified positively to defendant's connection with her at the time alleged in the information and in this she was corroborated by another witness.   It was also shown that she was less than thirteen years of age at the time, and had, some five years previously, been confided by her father to the care and custody of defendant.

The instructions presented every phase of the case to the jury and were free from objections.

One of the assignments in the motion for new trial is that the court permitted the jury to report their verdict and the court received the same, and had it entered of record, at a time when defendant was not present in court, but the record does not support this assertion.   It shows the presence of the defendant when the trial was begun, and the cause submitted to the jury, and in the absence of all evidence to the contrary, as the record shows that the trial was had and the verdict rendered on the same day, it will be presumed that he was present dur-

ing the whole trial. [Sec. 2610, R. S. 1899; State v. Lewis, 69 Mo. 92; State v. Yerger, 86 Mo. 33.]

The information is well enough. Finding no reversible error in the record, we affirm the judgment. All concur.