# CITY OF ST. LOUIS v. G. H. WRIGHT CONTRACT-ING COMPANY and CITY TRUST, SAFE DEPOSIT AND SURETY COMPANY of Philadelphia, Appellants.

### Division Two, March 17, 1908.

1. **BENEFIT ASSESSMENT: Contractor: Breach: Suit by City as Trustee.** A city cannot sue as the trustee of the property-owners a contractor who has failed to perform his contract to improve a street, for the excess they have had to pay for said improvement, nor can it as such trustee sue for such excess the sureties on the contractor's bond which obligated him to "faithfully and properly perform the foregoing contract according to all the terms thereof" and to "pay to the proper parties all amounts due for material used and labor employed." [Following St. Louis v. Wright Contracting Co., 202 Mo. 451.]

.2. **JUDGMENT AND PETITION: Surplusage.** The petition is as much a part of the record on appeal as is the judgment, and if the judgment is not authorized by the allegations in the petition it is erroneous. Nor do the statutes authorize an amendment of the petition by striking out an allegation relied on as a basis of the cause of action, nor do they authorize the court, for the purpose of upholding the judgment, to disregard such allegation as mere surplusage.

3. ———: ———: **Suit as Trustee: Property-Owner: Benefit Assessment: Abandonment: Personal Judgment.** Where the city sued on the contractor's bond as trustee for the property-owners for the excess they were required to pay for a public improvement above what they would have been compelled to pay had the contractor performed his contract at the prices designated in his contract, it cannot, after judgment rendered in its favor, in order to avoid the fatal effect of such erroneous theory of recovery, abandon all the allegations of its petition which based its right to recover on the existence of such trusteeship, ask the court to disregard those allegations as surplusage, argue that the bond was made with the city for the personal benefit and indemnification of the city, and ask that the judgment be permitted to stand. It cannot sue as a trustee and recover a personal judgment. That would be an abandonment of the cause of action on which it recovered judgment, and the substitution of an entirely different judgment.

4. **APPEAL: Theory of Trial.** A cause must be heard and disposed of in the appellate court upon the same theory as that upon which it was tried below. No other theory is possible.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

REVERSED.

*Seddon & Holland* and *Fidelio C. Sharp* for appellants.

(1) Where an action is brought by a trustee for the benefit of third persons, they are the real parties, and the trustee has no individual interest in the action unless he is a co-beneficiary, expressly or of the same class, and then he has no greater or other interest than the other members of the class. St. Louis v. G. H. Wright Contracting Co., 202 Mo. 451; Natl. Bk. v. Ward, 100 U. S. 195; Lewis v. Land Co., 124 Mo. 672; Rogers v. Gosnell, 58 Mo. 589; School v. Lewis, 147 Mo. 580; Crone v. Stinde, 156 Mo. 262; Ammonet v. Montague, 75 Mo. 43; St. Louis v. Von Phul, 133 Mo. 561. (2) The lot-owners, not being mentioned as parties to the contract, cannot be made so by implication. There can be no implication to bind the defendant trust company, who is a mere surety. St. Louis v. G. H. Wright Contracting Co., 202 Mo. 451; Myers v. Parks, 6 Ohio St. 501; Harrisonville v. Porter, 76 Mo. 356; State v. Boon, 44 Mo. 354; State v. Johnson, 55 Mo. 80. (3) The city in making the contract was not acting as agent of the lot-owners or any third persons. St. Louis v. Wright Contracting Co., 202 Mo. 451; Thornton v. Clinton, 148 Mo. 663; Sweeny v. Kansas, 50 Mo. App. 265; Steffen v. City, 135 Mo. 144; Heft v. Payne, 97 Cal. 108; Scott v. Springfield, 81 Mo. App. 312. (4) The city in making the contract was not acting as the trustee of an express trust for the lot-owners or others. St. Louis v. Wright Contracting Co., 202 Mo. 451; Burton v. Larkin, 36 Kan. 246; Wright v. Terry, 23 Fla. 160; Smith v. Brown, 68 N. Y. 355; Porter v. Woods, 138 Mo. 539; Street v.

Goodale, 77 Mo. App. 318; Devers v. Howard, 144 Mo. 671; State v. Loomis, 88 Mo. App. 500; Anderson v. Fitzgerald, 21 Fed. 294; Barbour v. Railroad, 49 La. Ann. 1608; Loeber v. Railroad, 41 La. Ann. 1157; City v. Westar, 35 Pa. St. 427; Emery v. Bradford, 29 Cal. 83; Himmelman v. Spargel, 39 Cal. 389; City v. Pecot, 38 Mo. 125; Howsmon v. Trenton, 119 Mo. 304; Berker v. Water Works Co., 79 Iowa 419. (5) The petition does not show that any valid taxbills were ever issued or that any valid liens were ever created. Reed v. Bott, 100 Mo. 62; Burnham v. Boyd, 167 Mo. 185; Vieth v. Planet, 64 Mo. App. 210; St. Louis v. De Noue, 44 Mo. 137; Kansas v. Surety Co., 71 Mo. App. 315; Mallinckrodt v. Nemnich, 169 Mo. 507; North St. Louis v. O'Bert, 169 Mo. 507; Hoester v. Sammelson, 101 Mo. 619; Wilson v. Polk County, 112 Mo. 126.

*Charles W. Bates* and *Benjamin H. Charles* for respondent.

The plaintiff in this action is the city of St. Louis. Such is the caption of the petition. Such also is the substance of the petition, viz: that defendants bound themselves . . . unto the city of St. Louis. The judgment rendered followed the caption and the substance of the petition, and, in effect, disregarded the allegation that plaintiff sues as a private trustee for lot-owners, and would account to them. The form of the judgment is, therefore, technically correct, even under St. Louis v. Wright, 202 Mo. 451; and no regard need be had to this allegation. If, however, the court sees fit to go behind the form of the judgment, it may direct an amendment of the petition by striking out this surplus allegation to make it conform technically to the theory that the city sues in its corporate capacity as the representative of the public. R. S. 1899, secs. 660, 672, 673; Beattie v. Lett, 28 Mo. 596; Cruchon

v. Brown, 57 Mo. 38; Kansas City Hotel Co. v. Sauer, 65 Mo. 279; Weil v. Simmons, 66 Mo. 619; Bank to use v. Gilpin, 105 Mo. 17; State ex rel. v. Walbridge, 153 Mo. 194; Hunter v. Bank, 158 Mo. 262; Matney v. Gregg, 19 Mo. App. 107; Witte Iron Wks. v. Holmes, 62 Mo. App. 372; State v. Bockstruck, 136 Mo. 360. See, also, the similar cases of: Bledsoe v. Simms, 53 Mo. 305; Cooper v. Ord, 60 Mo. 430; Snell v. Harrison, 83 Mo. 651; Mueller v. Kaessmann, 84 Mo. 332; Crispen v. Hannovan, 86 Mo. 168; Orr v. Rode, 101 Mo. 400; Bouton v. Pippin, 192 Mo. 469. Appellants do not show that this allegation materially affects the merits of the action. R. S. 1899, sec. 865; Olney v. Eaton, 66 Mo. 563; Thompson v. Ins. Co., 114 Mo. App. 119. (1) St. Louis v. Wright, 202 Mo. 451, is not an authority against our position; but, on the contrary, seems rather to take it for granted that the city may recover substantial damages, in its corporate capacity, for the breaches of these bonds, although that case holds that it cannot do so in the capacity of trustee for the owners of lots. (2) Adding to the conditional clause of the bond a provision in favor of third persons, not parties thereto, cannot have the effect of taking away from the obligee of the bond its right to sue. The only effect of the former Wright case is to deny an action to any third persons who were not parties to the contract. St. Louis v. Wright, 202 Mo. 451. (3) The city acts in the interest of the public at large. Whether, therefore, the lot-owners who have paid increased taxbills can be represented by the city or not is immaterial. St. Louis v. Wright, 202 Mo. 462. (4) The charter powers of St. Louis are so broad that the city has the same right, in order to secure good work, to require of contractors any guaranties that private persons may take. And municipal officers who should neglect to take some kind of guaranty of the perfection of the work would be derelict in their duty. Bank v. Woesten, 147 Mo. 479.

(5) The law itself, in the charter of the city, requires a bond, not for merely nominal damages (as would be the effect if defendants' contentions are sustained) but for a substantial thing, namely, compliance with the provisions of the contract. "No contract shall be made . . . without a bond for its faithful performance." Charter, art. 6, sec. 27; R. S. 1899, p. 2514; R. S. 1899, sec. 6761.

BURGESS, J.—This is a suit for damages for breach of certain contracts and bonds for the doing of certain public work in the city of St. Louis. The petition contains five counts, each based upon a separate contract. The contracts differ only in respect to dates, penalties, and the character and quantity of the work to be performed under each, and the several counts of the petition are varied to meet these minor differences. It will, therefore, be only necessary to refer to one, the first count of the petition, which alleges in substance:

That on the 28th day of June, 1900, the defendant contracting company, as principal, and the defendant surety company, as security, entered into a bond and writing whereby they bound themselves unto the city of St. Louis in the penal sum of $5,529.05, which said bond was subject to the conditions that if the defendant contracting company should faithfully and properly perform the contract preceding the bond, and of which the bond forms a part, according to the terms of said contract, and should, as soon as the work contemplated by the contract was completed, pay to the proper parties all amounts due for material and labor used and employed in the performance of the contract, then the obligation should be void, otherwise to remain in full force and effect. That the contract was entered into on the 28th day of June, 1900, and by its terms the defendant contracting company undertook and agreed

with plaintiff to do and perform the work of reconstructing a certain portion of Easton avenue, and to furnish all the work, labor, materials and appliances necessary therefor, said work to be done in conformity with the plans on file in the office of the street commissioner and in strict obedience to his directions.

The petition sets out the items of the work to be performed and the prices to be paid therefor, and then states that plaintiff was to pay for the work and materials in special taxbills against the lots of ground adjoining Easton avenue in proportion to their frontage on the improvement. Continuing, the petition states that the defendants did not perform the conditions of their contract and bond, but failed, neglected and refused to commence work as requested in writing dated October 8, 1900, and in subsequent notices, and failed to comply with the specifications and stipulations of said contract in that said defendant contracting company failed and refused to perform the work or any part thereof, but abandoned both the work and contract; whereupon, plaintiff annulled and canceled said contract in the manner provided for in such case by the terms thereof. That thereupon the Board of Public Improvements of the city of St. Louis, in accordance with the terms of said contract, proceeded to relet the work to J. E. Perkinson, who was the lowest and best bidder for the same, and proceeded to have the work completed by said Perkinson; but that plaintiff was compelled to pay said Perkinson, in the manner provided for by said contract with the defendant contracting company, certain prices and amounts for such work, all of which the petition sets forth in detail. Then follows the allegation that, under the said contract with the defendant contracting company, said defendant, for all of the materials and labor employed, would have been entitled to receive, at the prices fixed by the contract, the total amount of $6,772.16, but that

plaintiff was compelled to pay to said Perkinson for the performance of the same work and furnishing the same materials the aggregate amount of $6,835.46, or the sum of $63.30 over and above the sum for which the defendant contracting company agreed to perform and furnish the same; that the payments so made by plaintiff were, in conformity with said contract, made in special taxbills duly issued by plaintiff to said Perkinson.

The petition further states "that plaintiff brings and maintains this suit as the trustee of an express trust for itself and the owners of the several lots of ground against which the said several taxbills were issued; and plaintiff in the event of recovery will distribute any amounts recovered among the owners of the several lots charged with the cost of the aforesaid improvements in the same proportion in which the said several owners were compelled to contribute for the cost of said improvements." That, "by reason of the breach of the contract on the part of said defendant, G. H. Wright Contracting Company, and its failure and the failure of defendant City Trust, Safe Deposit & Surety Company of Philadelphia, to observe and fulfill the conditions of their said bond, the plaintiff, as trustee as aforesaid, has sustained and suffered damages in the said sum of $63.30."

Plaintiff prays judgment for the penalty of the bond, and asks that execution issue for the sum of $63.30, with interest and costs.

The defendants filed their answer to the petition, and to each count thereof, which answer admits that defendants "entered into a bond whereby they bound themselves to the city of St. Louis in the penal sum stated, subject to the conditions thereunder written as stated in said count, but the defendants deny each and every other allegation in said count not hereinbefore specifically admitted." Defendants also set up in said

answer certain separate and affirmative defenses to each count of the petition, but the same are waived by them on this appeal.

The case was referred by the court to a referee, who heard the evidence and filed his report and findings. The referee found for the defendants and against the plaintiff in its alleged capacity of trustee of an express trust, and found for the plaintiff and against the defendants on each count of the petition for the penalty of the bonds, and recommended judgment in favor of the plaintiff for nominal damages only.

Plaintiff filed exceptions to the referee's report, which were sustained by the court, and judgment was entered up in favor of plaintiff and against both defendants for the sum of the amounts prayed for in the several counts of the petition, to-wit, $10,033.71, together with interest, which increased the judgment to $12,023.72.

The defendants duly excepted to the action of the court in rendering said judgment, and filed their motions for a new trial, which being overruled, they saved their exceptions and appealed.

The conditions of the bond are not fully set out in the petition, the language of the bond being as follows:

"In the event the said G. H. Wright Contracting Company shall faithfully and properly perform the foregoing contract according to all the terms thereof, and shall, as soon as the work contemplated by said contract is completed, pay to the proper parties all amounts due for material and labor used and employed in the performance thereof, then this obligation to be void, otherwise of full force and effect, and the same be sued on at the instance of any material man, laboring man or mechanic, in the name of the city of St. Louis to the use of such material man, laboring man or mechanic, for any breach of the condition hereof."

This case, in all its salient features, is on all-fours
with the case of St. Louis v. Wright Contracting Co.,
202 Mo. 451, and that case, under ordinary circum-
stances, would be *res adjudicata* of this.  Counsel for
plaintiff disclaim any disposition to reopen the ques-
tion presented and passed upon in that case, to the
effect that the city of St. Louis could not sue as the
trustee of a private trust for lot-owners to recover
the excess paid by them in special taxbills, due by
reason of the defendant's default and abandonment
of. certain contracts to improve certain streets and
alleys in said city; but, as if to evade the ruling in
that case, they now argue and insist that the whole
bond, including the provisions on which this suit is
based, was made with the city for the personal benefit
and indemnification of the city, and to which no third
persons, except materialmen, mechanics and laborers
who are specially named, are parties; that the suit was
one prosecuted by the city for its personal benefit, and
that the judgment was intended to be and is for the
city and for its personal benefit, and that all of the
allegations in the petition and record to the contrary
are mere surplusage and ought to be stricken out to con-
form to that idea; that as the judgment rendered fol-
lowed the caption and substance of the petition, and
in effect disregarded the allegation in the petition that
plaintiff sues as a private trustee for lot-owners and
would account to them, it was, even under the ruling
in St. Louis v. Wright Contracting Co., supra, tech-
nically correct in form, and no regard need be had to
this allegation.  Plaintiff suggests that if the court sees
fit to go behind the form of the judgment, it may direct
an amendment of the petition, by striking out this sur-
plus allegation, to make it conform technically to the
theory that the city sues in its corporate capacity as
the representative of the public.

The petition is as much part of the record in this

case as is the judgment, and if the judgment rendered is not authorized by the allegations in the petition, it is of course erroneous. Those parts of the petition which plaintiff asks to be disregarded, in affirmance of the judgment, under sections 660, 672 and 673, Revised Statutes 1899, and authorities cited, are as follows:

"The plaintiff now brings and maintains this suit as the trustee of an express trust for itself and the owners of the several lots of ground against which the said several taxbills were issued; and plaintiff, in the event of recovery, will distribute any amounts recovered among the owners of the several lots charged with the cost of the aforesaid improvements in the same proportion in which the said several owners were compelled to contribute for the cost of said improvement.

"Plaintiff says that by reason of the breach of the contract on the part of said defendant, G. H. Wright Contracting Company, and its failure, and the failure of defendant City Trust, Safe Deposit & Surety Company of Philadelphia, to observe and fulfill the conditions of their said bond, the plaintiff, as trustee as aforesaid, has sustained and suffered damages in the said sum of $63.30."

These were among the most important allegations of the petition, and it was upon these same allegations that it was held in St. Louis v. Wright Contracting Co., supra, that plaintiff could not recover. Under the statutes and authorities referred to by plaintiff, this court has power after final judgment rendered in any cause, in furtherance of justice, and upon such terms as may be just, to permit the amendment, in affirmance of such judgment, of any record, pleading or process, by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by rectifying defects or

imperfections in matter of form; but the statute does not authorize an amendment by striking out an allegation relied upon as the basis of the cause of action, as in this case, and which was not inserted in the petition by mistake or inadvertence. If plaintiff has the right to abandon, in this court, said allegations, in furtherance of justice and in affirmance of the judgment, it is difficult to conceive of an amendment that might not be made, by adding to or striking from any pleading in a cause, in confirmation of a judgment. The statute specifies what pleadings and proceedings in a cause may be amended in affirmance of a judgment, but it nowhere authorizes the amendment of the petition upon which the judgment was rendered by the abandonment of the cause of action upon which predicated, and then the substitution for the original of an entirely different judgment upon the petition as amended.

All of the cases cited and relied upon by plaintiff as supporting its contention that it has the right to amend the petition by abandoning the parts heretofore indicated have reference to some matter specified in the statute, or which fairly came within its provisions; but none of them goes so far as is sought to be done in this case. Moreover, the case was tried upon a theory entirely different from that upon which plaintiff now seeks to submit it; that is, that the provisions of the general contract filed with the petition as an exhibit, for the breach of which the suit is prosecuted, was a contract between the defendants and the lot-owners, and that they were entitled to recover for the breach as parties thereto. It needs but a casual reading of the pleadings, and the proceedings before the referee and the court, to show that such was the case, and the case must be tried in this court upon the same theory as in the court below. Had the city claimed that the bond was one of mere indemnity to it, and that it had been

violated, the defendant might have shown, or at least been offered the opportunity of showing, that it had a defense against the city which it could not successfully interpose against the lot-owners. But as the petition calls for no such defense, it would be the greatest injustice to permit the plaintiff to change its position in this court and ask that a judgment supposed by the court below to have been rendered in favor of the lot-owners be affirmed as one in favor of another party.

It is well settled that a cause must be heard in the appellate court upon the same theory as that upon which it was tried in the trial court. [Walker v. Owen, 79 Mo. 563; Minton v. Steele, 125 Mo. 181; Dice v. Hamilton, 178 Mo. 81; Meyer Bros. Drug Co. v. Bybee, 179 Mo. 354.] And it may be said that no other theory is possible. Tried in this court, as it must be, upon the same theory it was tried in the court below, the able and exhaustive opinion of Judge WOODSON in St. Louis v. Wright Contracting Co., supra, covers all the points at issue in this case. Following the law as declared in that case, the judgment is reversed.

All concur.