CITY OF ST. LOUIS, Appellant, v. WILLIAM M. ANDERSON et al.

### Division One, June 14, 1910.

CONTRACT TO CONSTRUCT SEWER: Suit on Bond by City. The city cannot maintain a suit on the guaranty bond of a contractor for a sewer which was to be paid for in special taxbills, for the excess which the property-owners have been compelled to pay because the contractor failed to construct the sewer and the city was compelled to relet the work at a higher price. The damage was to the property-owners, and the city, either as trustee for them or on its own account, cannot maintain suit for that damage.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

AFFIRMED.

*L. E. Walther* and *B. H. Charles* for appellant.

(1) The taking of the bond is a requirement of the law. Charter of St. Louis, art. 6, sec. 27; 2 R. S. 1899, p. 2514, and sec. 6761. And the purpose of the requirement is to insure to the public the performance of the work contracted for. (2) Where the condition is for faithful performance, the purpose of such a condition is "to secure the performance of the work in a satisfactory manner." 1 Abbott on Mun. Corp., p. 665; Ft. Madison v. Moore, 109 Ia. 476. To the same general effect see the language used in Bank v. Woesten, 147 Mo. 479. (3) The theory of the court below was that as the contract was not made for the benefit of the property-owners in the sewer district, the plaintiff could not recover as trustee for them; and also that because it did not appear that plaintiff sued as trustee for them, he was not entitled to re-

cover as trustee for them. That this was the theory is shown by the only declarations of law given by him; and this directly in the teeth of the fact that the petition was a straight suit on a bond in the name of the city of St. Louis, without any claim or demand whatever for a recovery as trustee for the property-owners. In the Wright Contracting Co. cases (202 Mo. 451; 210 Mo. 491) the question decided was as to parties. No question of parties arises in this case. (4) The city sues as the obligee in the bond. It sues for the public, whom it represents. St. Louis v. Wright, 202 Mo. 451. (a.) It is immaterial how payment is to be made for the work called for in the contract, whether by taxing the property of the whole city, or only that portion of it within a designated taxing district. St. Louis v. Wright, 202 Mo. 463. (b.) In executing a bond running to the city for work which is done in the interest of the public, the defendants expressly recognize the city as acting in its own behalf for the public. It was because it was not so acting in the first Wright case that the decision there was against the city (202 Mo. 471). (5) Bonds of this character have always been conditioned for the faithful performance of the contract. It is only in late years that they have also been conditioned for the payment of laborers and materialmen. This new condition does not weaken the prior condition. Even if the second condition had been void the first would have remained intact. State v. Babb, 39 Mo. App. 543; State v. Lewis, 61 Mo. App. 633; Allen v. Brewing Co., 196 Mo. 435; State v. Crowley, 60 Me. 107; State v. Edgerton, 12 R. I. 104; State v. Adams, 3 Head (Tenn.) 259. *A fortiori,* when the courts have held the new condition to be valid. (6) What disposition the plaintiff might make of the amount to be recovered is no concern of the defendants or either of them. Green County v. Thomas, 211 U. S. 598.

*Kortjohn & Kortjohn* for respondent Anderson; *John M. Wood* for respondent Fidelity and Guaranty Company.

(1)   The cause having been tried by both parties and submitted to the court upon the theory that plaintiff was suing to recover damages as trustee for the lotowners, who had paid the special taxbills, this court will not try the cause upon the theory that plaintiff is suing to recover damages in its corporate capacity.  St. Louis v. Wright, 210 Mo. 491; Meyer Bros. v. Bybee, 179 Mo. 354; Dice v. Hamburg, 178 Mo. 81; Donnell v. B. & L. Assn., 175 Mo. 250; Black v. Railroad, 172 Mo. 177; B. & L. Assn. v. Obert, 169 Mo. 507; Minton v. Steele, 125 Mo. 181; Mitchell v. Railroad, 125 Mo. App. 1; Tomlinson v. Ellison, 104 Mo. 105; Teherton v. Railroad, 98 Mo. 85; Whitmore v. Supreme Lodge, 100 Mo. 47.   (2)   Plaintiff cannot maintain this action as trustee for the lotowners of the sewer district, who paid the special taxbills for the construction of the district sewer.   St. Louis v. Wright, 202 Mo. 451; St. Louis v. Wright, 210 Mo. 491. (3)   There being no evidence to show that the plaintiff in its corporate capacity had been damaged by the breach of the contract on the part of Anderson Bros., it cannot in that capacity recover in this action.

VALLIANT, J.—This is a suit on a bond, in the penalty of $10,000, given to secure the faithful performance of a contract whereby the defendants William M. and Andrew Anderson contracted with the city to construct a certain sewer in accordance with certain specifications, and in which the defendant the United States Fidelity & Guaranty Company was surety for the contractors.  The contract was that the Andersons were to construct the sewer for prices that made the total sum of $96,620.07; but after entering

into the contract and giving the bond, they abandoned it, and the city was compelled to let the contract to another party, Hill and Abbot, which it did, at prices that made the total amount $108,438.75, being $11,-818.68 more than the amount for which the Andersons agreed to do the work. The work, according to each contract, was to be paid for in special taxbills against the lots of land in that sewer district. The work was done under the Hill-and-Abbot contract, and special taxbills were duly issued in payment for the same. The result of the failure of the Andersons to perform their contract was that the property in the district was taxed $11,818.68 more than it would have been if they had performed it.

The conditions of the bond were that if the Andersons should faithfully perform their contract according to its terms, and pay to the proper parties all amounts for labor and material employed and used in the performance of the contract, the obligation was to become void; otherwise to remain in full force.

The petition states that because of the failure of the Andersons to perform their contract the city was compelled to pay Hill and Abbot $108,438.75 instead of $96,620.07, the price under the Anderson contract, therefore the city has suffered damage to the amount of $11,818.68, which is in excess of the penalty of the bond, $10,000, for which the city prays judgment.

At the trial the death of Wm. M. Anderson was suggested and the plaintiff dismissed as to him; the trial went on as to Andrew Anderson and the surety company and resulted in a judgment for the defendants, from which the plaintiff appealed.

Although the petition states that the city was compelled to pay Hill and Abbot the amount named and that thereby it was damaged in the sum of the excess over the Anderson contract, yet that was not the literal fact, nor was it intended to be so understood,

because the petition on its face shows that the work was paid for in special taxbills.

This court has recently passed judgment on bonds of this kind, and has held that under facts like those above stated the city was not entitled to recover the excess it had been compelled to pay in special taxbills. [St. Louis v. Wright Contracting Co., 202 Mo. 451; St. Louis v. Wright Contracting Co., 210 Mo. 491.] In both those suits the city in its petition assumed to sue as trustee for the property-owners whose property had been burdened with the excess in special taxbills, but the court held that the city was not such trustee under the terms of the bond. In the case at bar the city in its petition does not style itself trustee, but seeks a judgment in its own name for the excess of the cost. Counsel for the city seek to distinguish this case from those above mentioned, by the fact that here the city does not, as it did in those cases, call itself a trustee. It makes no difference what name the city takes or what character it assumes, if it recovers it must recover on the facts of the case; if those facts constitute it a trustee then it is such, otherwise not. If under the facts of this case the Andersons became liable to the property-owners who had to pay the excess of tax caused by their failure, and if the conditions of this bond covered that liability, and if under those facts and those conditions the law would create or imply a trusteeship in the city for the use of those property-owners, then the city would be such whether called by that name in the bond or not. This court held in the Wright cases that those facts and conditions did not make the city a trustee for the property-owners, therefore the city could not recover for their loss or injury. There is no difference in principle between this case and the Wright cases.

This loss in this case fell not on the city, it was not paid out of the city treasury, nor was the city

liable for the excess; the burden fell alone on the property-owners. The only theory on which the city could recover for the loss or injury that resulted to the property-owners, for the failure of the Andersons, would be that it was a trustee for their use, but such is not the fact in this case. The city cannot, in its own name and for its own benefit, recover for the loss sustained by the property-owners, and the facts not constituting it a trustee for their benefit it cannot recover for them.

It is argued that the condition of the bond calls for a faithful performance of the contract, and therefore it covers all loss resulting from failure to perform, and that is so. Under the facts of this case there has been a breach of the bond and the obligors are liable for whatever damage has resulted from the breach, but their liability to the city is for the damage the city has sustained, not that sustained by some one else. If the city had, in this instance, sued for damages it had sustained, it would on proof have been entitled to recover nominal damages without proof of specific loss, though of that we say nothing, but since the city has seen fit to sue only for the loss that resulted to the property-owners, it is not entitled to recover at all.

The judgment is affirmed.   All concur.