TRUESDALE et al., v. BRENNAN et al., Appellants.

Division One, February 5, 1900.

1. **Vendor's Lien:** PRIORITY OF MORTGAGES. A deed of trust given a loan company to secure a loan made to the vendee of land to enable him to purchase the same, will be postponed to a deed of trust made by the vendee to the vendor to secure the balance of the purchase money, where the secretary of the company knew the purpose of the deed of trust executed for the benefit of the vendor, although both instruments were executed at the same time and the one executed to secure the company's loan was recorded nineteen minutes first.

2. ————: ————: PROOF: CONTRARY AGREEMENT. The priority which the law gives to the deed of trust executed for the benefit of the vendor to secure the balance of the purchase money, can not be overcome by parol proof of an oral agreement between the beneficiaries that the deed of trust which the vendee at the same time gave the company to secure the loan with which he purchased the land, should take precedence, unless such agreement is established by clear and overwhelming evidence.

3. ————: ————: ————: STATUTE OF FRAUDS: ORAL EVIDENCE. Such agreement may be established by parol evidence, in so far as it does not alter, vary or contradict the deed of trust.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*W. F. Carter* for appellants.

(1) A verbal agreement that one of two instruments is to have priority over the other may be shown. Linville v. Savage, 58 Mo. 248; Rogers v. Tucker, 94 Mo. 346. (2) The recital in a deed of trust that it is given to secure a balance of purchase money does not *ipso facto* make it a prior lien, and proof of an agreement that it was not to be a prior lien does not tend to change or alter the terms of a written instru-

ment.   Linville v. Savage, *supra*.   (3)   While the law re-
quires that the proof of agency of the husband for the wife
shall be cogent and strong, it does not require any different
kind of proof.   Direct proof is not required to prove this
agency.   Mead v. Spalding, 94 Mo. 48; Bridges v. Russell, 30
Mo. App. 261; Garrett v. Berry, 3 Mo. App. 202.   (4)   In
any event, the lien given to secure the vendor for purchase
money can not be extended to cover an indebtedness arising
out of other transactions.   28 Am. and Eng. Ency. of Law,
164.

*Edmond A. B. Garesche* and *Huff & Garesche* for
respondents.

(1)   The agreement upon which appellants rely, being
one for an interest in land superior to that of respondents,
resting, as it does, in parol, comes within the inhibition of
the statute of frauds.   R. S. 1889, sec. 5186; Rogers v. Tucker,
94 Mo. 346.   (2)   Appellants rely upon an agreement for
priority claimed to have been made with the husband of re-
spondent, who appellants claim was her agent, but their evi-
dence falls far short of that which is necessary to prove an
agency between husband and wife.   Eystra.v. Capelle, 61 Mo.
580; Mead v. Spalding, 94 Mo. 43; Bishop on Law of Mar-
ried Women, sec. 396; Rowell v. Klein, 44 Ind. 291; Rogers
v. Bank, 69 Mo. 560.   (3)   Appellants placed this same
estimate upon the value of the acts and statements of Geo. N.
Truesdale, upon which they relied, when they objected to
his testifying on behalf of his wife.   They can not now recede
from this position.   Green v. St. Louis, 106 Mo. 454; Ben-
sieck v. Cook, 110 Mo. 173.   For if the court was in error in
sustaining their objection, they invited the error and can not
now be heard to complain of it.   Garst v. Good, 50 Mo. App.
149.   (4)   But even if competent, appellants' evidence,
consisting, as it does, of the mere repetition of oral statements

and loose conversations, was not sufficient upon which to predicate a decree in this case.   Ringo v. Richardson, 53 Mo. 394; Paris v. Haley, 61 Mo. 458; Cornet v. Butelsman, 61 Mo. 118; Melton v. Smith, 65 Mo. 315.

MARSHALL, J.—This case was certified to this court by the St. Louis Court of Appeals on the ground that title to real estate is involved.   It is a bill in equity to have the plaintiffs' deed of trust for five hundred and fifty dollars decreed to have priority over a deed of trust for twenty-one hundred dollars held by the Charter Oak Building and Loan Association. Both deeds of trust were executed by defendant Brennan, on the same property, on the 24th of March, 1892.   The defendant's deed was filed for record at 2:18 p. m. and the plaintiffs' at 2:37 p. m.   The plaintiff's deed of trust recites that it is to secure the balance of the purchase money, and the petition charges that the defendant association had actual notice thereof besides.   The answer of the association avers an agreement with plaintiff that its deed of trust should have priority, and that the two deeds were recorded in the order in which they appear on the records, in pursuance to this agreement.   The trial developed these facts.   Caroline Truesdale owned the land as her separate property.   She contracted with Brennan to sell it to him for twenty-six hundred dollars. Brennan did not have the money, and tried to borrow it from the defendant association, but that association would only lend him twenty-one hundred dollars.   The association knew the purpose the money was to be applied to, and Mrs. Truesdale knew that Brennan was getting the money for the cash payment from the association.   Finally the deal was made, all the parties being present.   Mrs. Truesdale delivered the deed to Brennan, and the secretary of the association handed Mr. Truesdale a check for twenty-one hundred dollars, which he had cashed and handed his wife two thousand and fifty dollars, and gave Brennan the remaining fifty dollars, as it had been

previously agreed, to cover his expense in procuring the loan from the association. Brennan then executed and delivered to Mrs. Truesdale a deed of trust on the land so conveyed to him for five hundred and fifty dollars—of which five hundred dollars was for the balance of the purchase price, and fifty dollars was for the money Mrs. Truesdale loaned him to procure the loan, and at the same time, Brennan executed to the association a deed of trust on the same land, for twenty-one hundred dollars to secure the loan from the association to him. Thereupon the deeds of trust were placed upon record in the order above stated.

The testimony as to the agreement about priority set up in the association's answer is that it was agreed between O'Keefe, representing the association, and Mr. Truesdale that the deed of trust to the association was to take priority, and that Mr. Truesdale was the agent of his wife, with full power to negotiate the deal, and that when the deeds of trust were executed and delivered to the respective parties by Brennan, O'Keefe asked Mr. Truesdale if he would go to the recorder's office with him, and Mr. Truesdale replied: "Not just now; we will put our second deed of trust on file later on." All of this is said by O'Keefe to have been done and said in Mrs. Truesdale's presence. Mrs. Truesdale denies that any such thing occurred or that she ever heard any such conversation, and says that her husband was not her agent in this matter at all, but that she conducted the business herself. Gus Truesdale, who prepared the deed of trust for Mrs. Truesdale, was present and heard the several conversations when the deeds of trust were executed, also denies that any such conversation took place. Brennan testified that his negotiations were all made with Mrs. Truesdale in person.

Upon this showing the trial court decreed that the plaintiff's deed of trust was entitled to priority over the association's deed of trust, and the association appealed.

## I.

The plaintiff contends that she is entitled to priority, in equity, because the balance due her is for the unpaid part of the purchase price of the land, and that she is entitled to a vendor's lien on the land therefor, which was not waived or merged by taking the deed of trust. Moreover, she contends that the association had actual knowledge of the price Brennan was to pay her for the land, of the fact that only two thousand and fifty dollars was paid her, and that she was to have a deed of trust to secure the balance of the purchase price, of five hundred and fifty dollars. She further contends that this case is controlled by the case of Rogers v. Tucker, 94 Mo. 346, where the circumstances were exactly similar to this case, except that in that case the mortgage which was given to secure the part of the purchase money which was paid, was recorded three hours before the vendor's mortgage to secure the unpaid part of the purchase price was recorded, whereas here it was recorded only nineteen minutes before her deed of trust was recorded. In the case cited, the vendor's mortgage for the unpaid purchase price was held to be entitled to priority over a mortgage given to a third person to secure the loan to the mortgagor of the money used to pay the cash part of the purchase price. The rule thus laid down is unquestionably right, and is supported by the weight of authority and of reason. The defendant association concedes the correctness of this doctrine, but relies upon the express agreement pleaded, and insists that it is competent to prove this agreement by parol, as this court held in Linville v. Savage, 58 Mo. 248. It is true that parol evidence of this character does not vary, alter or contradict the deed of trust, and therefore it does not come within the rule prohibiting the admission of parol evidence to contradict a written instrument, for the agreement pleaded related only to the priority of plaintiffs' vendor's lien, and to the priority given by the registry laws.

But the proof does not sustain the defendant's contention, either that Mr. Truesdale was his wife's agent in this transaction, or that he said in her presence that her deed of trust was a second deed of trust and would be recorded later. On the contrary the testimony is convincing that Mrs. Truesdale conducted this transaction in person, and that no such conversation, as the secretary of the association testified to about recording her deed of trust after the association's deed of trust was recorded, ever took place in her hearing, or when the transaction was completed.

The association knew, outside of the recital in Mrs. Truesdale's deed of trust, that Brennan had not paid Mrs. Truesdale the full purchase price, in fact knew exactly how much Brennan was to pay and did pay, for it furnished him the money to make the payment, and, in fact, handed the check for it to Mr. Truesdale and he immediately turned it over to his wife, less the fifty dollars for expenses, and also knew exactly how much of the unpaid purchase price Mrs. Truesdale had a vendor's lien for and was to have a deed of trust to secure it. Without very clear and overwhelming testimony, no court would transpose the equities of the parties in such a case and subordinate the vendor's lien to the lien of one who had full knowledge of the whole transaction, where the agreement to so postpone the vendor's rights was alleged to rest in parol and to depend upon the memory of even disinterested witnesses, testifying in support thereof years after the parol agreement is said to have been made. [Sharp v. Berry, 60 Mo. 575; Melton v. Smith, 65 Mo. 315; Cornet v. Bertelsmann, 61 Mo. 118; Paris v. Haley, 61 Mo. 458; Ringo v. Richardson, 53 Mo. 394.]

The circuit court's judgment is right, and should be affirmed. All concur.