## J. ROGER EUBANK, Respondent, v. MORGAN FINNELL, Appellant.

**Kansas City Court of Appeals, January 4 and June, 4, 1906.**

1. **VENDOR'S LIEN: Mortgage Lien: Marshalling Assets: Garnishment.** Where the vendor's lien is superior to the lien of the vendee's mortgage, then the vendor who has merged his lien into judgment should satisfy his special execution by selling the land and leave the surplus of the foreclosure sale in the hands of the mortgage trustee for the vendee. However, if the mortgage lien is superior to the vendee's lien the surplus in the hands of the trustee represents the vendee's equity of redemption and is subject to the payment of the vendor's lien and may be impounded by garnishment.

2. ——: ——: ——. Surplus money realized from foreclosure sale is treated as realty and not personalty in respect to rules of law governing its disposition.

3. ——: **Contract: Waiver.** A vendor's lien arises from the fact that the vendee has received an estate for which he has not paid full consideration and it is not dependent for its existence on the agreement of the parties, but it may be waived by express agreement of acts evidencing an intention to waive.

4. ——: ——: ——: **Unsecured Note: Renewal.** The lien is not waived by taking an unsecured note of the vendee nor by the renewal of such note after due.

5. ——: **Vendee's Mortgage: Superior Lien.** A vendor's lien accompanies the transfer of the estate since the vendee has no title to the mortgage until the transfer, when the title comes to him burdened with the vendor's equity, which is superior to the vendee's mortgage.

6. ————: **Foreclosure Sale: Judgment: Lis Pendens.** A vendor after *lis pendens* duly filed took judgment enforcing his lien. The vendee's mortgage trustee foreclosed the mortgage and had a surplus in his hands. *Held,* the purchaser at the foreclosure sale took the land subject to the vendor's judgment lien and that the surplus in the trustee's hands belonged to the vendee and could not be applied to the payment of the vendor's judgment until his remedy against the land was exhausted.

Appeal from Randolph Circuit Court.—*Hon. John A. Hockaday,* Judge.

.REMANDED (*with directions*).

*J. H. LaMotte* for appellant.

(1) The lien of the note in this case is subsequent to that of the deed of trust given at the same time the note was, and attaches to the equity of redemption. 2 Jones on Liens (1 Ed.), chap. 23; secs. 1079 and 1080 and cases cited in notes; 2 Sugden on Vendors (7 ed.), chap. 18, p., 329, sec. 8. (2) The lien may be waived by the act of the parties showing that it was not intended to be retained, and is a question of intention to be gathered from all the facts and circumstances. Delassus v. Poston, 19 Mo. 425; Partridge v. Logan, 3 Mo. App. 509; Rantle v. Murry, 48 Mo. App. 15; Sheely v. Estes, 83 Mo. App. 310; Pratt v. Eaton, 65 Mo. 157; and cases there cited; Orrick v. Durham, 79 Mo. 174; Briscoe v. Callahan, 77 Mo. 134. (3) The taking of security, or obligation of third party *pro tanto* waives the lien. Winn v. Inv. Co., 125 Mo. 528; Stevens v. Rainwater, 4 Mo. App. 292, 298. (4) Equity and good conscience will not allow a vendor to come with his lien ahead of one whom he induces to loan his money on the land that he may get that money. Partridge v. Logan, 3 Mo. App. 509; Rantle v. Murry, 48 Mo. App., 15; Sheely v. Estes, 83 Mo. App. 310. (5) The surplus of the sale under deed of trust is treated in the law as realty. Huffard v. Gottberg, 54 Mo. 271; Keyling v. O'Reilly, — Mo. App. —.

(6)   Surplus arising from sale under first lien goes to pay off second lien.   Helweg v. Heitcamp, 20 Mo. 569; Mead v. McLaughlin, 42 Mo. 198.   (7) The words "grant, bargain and sell" in conveyances are construed to be the following express covenant on the part of the grantor —that the real estate conveyed was free from incumbrances done or suffered by the grantor or any person under whom he claims.   R. S. 1899, sec. 907.   The statutory covenants are as operative in a deed of trust as they would be in a conveyance in fee simple inter partes. Blanchard v. Haseltine, 79 Mo. App. 248; Coleman v. Clark, 80 Mo. App. 339.   And the knowledge of the covenantee at the time of the purchase, that a portion of the land was previously incumbered will not preclude him from relying upon the express covenants in the deed under which he purchases.   Whiteside v. Magruder, 75 Mo. App. 364; Blanchard v. Haseltine, 79 Mo. App. 248. A mortgagee is a purchaser in good faith and acquires the legal title.   Steadman v. Hayes, 80 Mo. 319.


*John N. Hamilton* for respondent.


(1)   The court committed no error in holding that the vendor's lien of the defendant was a superior and prior encumbrance to the lien of the deed of trust given to N. P. Hurt, the mortgagee; as said mortgagee had notice prior to and at the time of the execution of the mortgage to him by the vendee that all the purchase price had not been paid, and had actual knowledge that the vendee had executed and delivered to the vendor his promissory note for $460, without security, for the balance due on the purchase price of the land.   Truesdale v. Brennan, 153 Mo. 600, 55 S. W. 147; Rogers v. Tucker, 94 Mo. 351; Turk v. Funk, 68 Mo. 18; Cornell v. Bartellsman, 61 Mo. 118; Ficklin v. Stephenson, 33 Mo. 341; Delassus v. Poston, 21 Mo. 543; Delassus v. Poston, 19 Mo. 432.   (2)   The lien of the vendor is not waived by the mere seeming intention, but, by the ex-

press agreement, between the parties thereto, made at the time of the creating of the lien. For the lien of the vendor "will be sustained wherever the vendor has taken the personal security of the vendee only, and therefore any bond, note or covenant given by the vendee alone will be considered as intended only to countervail the receipt of the purchase money contained in the deed, or to show the time and manner in which the payment is to be made, unless there is an express agreement between the parties to waive the equitable lien." Emison v. Whittlesey, 55 Mo. 259; Davenport v. Murray, 68 Mo. 201; Carr v. Thompson, 67 Mo. 472; Ficklin v. Stephenson, 33 Mo. 341; Lawson v. Spencer, 90 Mo. App. 514, 81 Mo. App. 169. That there was no express agreement between the parties, is unquestionably shown by the testimony of the mortgagee, vendor and vendee. (3) The evidence is amply sufficient for the court to require defendant to sell the land under his vendor's lien before subjecting the surplus money from the sale by the trustee, to the payment of the debt of the defendant, as the vendor had a lien on the land for the amount of the unpaid purchase money, not only against the vendee himself and his heirs and other privies in estate, but also, against purchasers having notice that the purchase money remained unpaid. 2 Story's Equity Jur. (7 Ed.), pp. 580-1-2, chap. 33, secs. 1217-18-19; Bailey v. Winn, 101 Mo. 649; Skinner v. Durnell, 52 Mo. 96; Bronson v. Wanzer, 86 Mo. 408; Morris v. Pate, 31 Mo. 315; Walton v. Hargrove, 42 Miss. 28; Green v. DeMoss, 10 Hump. (Tenn.) 375. (4) The vendor's lien was adverse to the lien of the mortgagee and consequently the vendor could have no right except to enforce his lien by a sale under his decree. Hockiday v. Lawther, 17 Mo. App. 636, and the authorities above cited. (5) No error was committed in permitting interpleader to claim the surplus, notwithstanding the covenants in the deed of trust to N. P. Hurt, as all the interest conveyed by this deed of trust was the title owned by the vendee at

the time of the execution of the deed of trust, which was subject to the vendor's lien, for the unpaid purchase price, and the purchase at the trustee's sale under the law and facts in this case acquired no greater title than the mortgagee had. Justice will not permit the surplus arising from a sale under a second lien to be applied to the payment of the first lien; as is sought to be done in this case, by the appellant. Scheppelman v. Feurth, 87 Mo. 353; Helweg v. Heitkamp, 20 Mo. 570; Schmidt v. Smith, 57 Mo. 135; Scott v. Shy, 53 Mo. 478; Watson v. Printing Co., 52 Mo. App. 145.

JOHNSON, J.—This cause was before us at the March term, 1903, and speaking through Smith, P. J., we delivered the following opinion therein: ·

"The case disclosed by the record may be stated in this wise: E. C. Gibson sold to Eubank eighty acres of land for $1,550; the latter borrowed of N. P. Hurt $955 with which to make the cash payment of the purchase price and with knowledge and consent of Gibson executed a deed of trust covering the land to secure the payment of the note given for the amount so borrowed. The deed from Gibson to Eubank conveying the title in fee and the deed of trust were executed and recorded on the same day. It does not appear which was first filed by the recorder. Eubank, at the time of the sale of the land, executed to Gibson his promissory note for $460 for the balance of the purchase money, which note was afterwards assigned by the latter to Finnell, who brought an action thereon against Eubank claiming a vendor's lien for the amount thereof against the land, and on which action he had judgment for the enforcement of the lien. In the meantime, the note given by Eubank to Hurt had matured and default having been made in the payment thereof the trustee, at the request of Hurt, advertised and sold the land in accordance with the provisions of the deed of trust, from which sale he realized $547 in excess of the amount required to pay Hurt's note and the

expenses of the trust. Finnell sued out an execution on his judgment against Eubank on which he caused the amount so in the hands of the trustee to be garnisheed. The trustee in answer to the garnishment admitted that he had in his hands the said $547 realized from the sale of the land under the deed of trust, as already stated. He further stated that Eubank, the defendant in the execution, claimed to own the said fund, and he therefore prayed to be permitted to pay the same to the sheriff and that he be discharged, etc.; and further, that the said Eubank be made a party to the proceeding and brought into court and required to assert whatever claim he might have to said fund. Shortly thereafter, Eubank voluntarily appeared and by leave of the court filed his interplea wherein he stated that he purchased the land of Gibson, paying therefor $935 in cash and executing his promissory note for $460 the balance of the purchase price; that Gibson thereupon executed and delivered to him a warranty deed conveying the land to him; that the $935 he paid Gibson was borrowed by him of Hurt, and to secure the payment of which he executed and delivered a deed of trust on the land to W. R. Samuel as trustee for the benefit of Hurt; that Hurt loaned said $935 and accepted said deed of trust, knowing that Gibson had not waived but claimed a first lien for said balance of $465 of the purchase price of the land, which had not been paid, and that he—the interpleader—had made and delivered to Gibson his promissory note therefor, there being no agreement that said deed of trust should be other than a second lien on the land. Interpleader further alleged the transfer of the $460 note to Finnell, the action to enforce his vendor's lien against the land, etc., the rendition of the judgment, the issue of the special execution thereon, the levy of the same upon the land, the failure of the sheriff to sell, and the garnishment of the trustee, etc., and concluded with a prayer that the fund be ordered paid to him. The plain-

tiff in the execution replied, putting in issue the allegations of the interplea.

"The finding and decree of the court was, 'that the fund paid into court is subject to any deficiency of the execution debt of said plaintiff in execution, Morgan Finnell, after he shall have enforced his vendor's lien against the real estate hereinafter described and that the interpleader is entitled to any surplus thereafter remaining. Whereupon it is ordered and decreed by the court that the said plaintiff in the execution aforesaid, Morgan Finnell, shall by the 12th day of July, 1902, enforce his vendor's lien upon the judgment heretofore rendered in this court against the land (land involved in this case), by execution and sale, the proceeds of which shall be applied to the payment of said judgment debt and any deficiency in discharging said judgment shall be paid out of the funds in the hands of the clerk of this court and the remainder after payment of costs of this proceeding shall be paid over to the interpleader herein. Upon failure of said plaintiff in execution, Morgan Finnell, to comply with the judgment herein rendered in the enforcement of his vendor's lien as herein required, the whole of the funds in controversy is hereby adjudged to the interpleader.'

"The question raised by the appeal here is whether or not the vendor's lien for that part of the purchase money evidenced by the $460 note, merged in the judgment, is prior and superior to the Hurt deed of trust lien. If the former is prior and superior to the latter, then Finnell ought to satisfy his special execution by a sale of the land, leaving to the defendant Eubank the fund in the hands of the trustee. If, on the other hand, the deed of trust lien is prior and superior to that of the vendor, then the amount of the fund in the hands of the trustee represents the equity of redemption of the vendee in the land and is subject to the payment of the second lien — or to be seized and impounded by the garnishment pro-

ceeding. [Helwig v. Heitcamp, 20 Mo. 569; Straw-bridge v. Clark, 52 Mo. 21.] Surplus money realized by the sale of land under a deed of trust is treated as realty and not personalty in respect to rules of law governing its disposition. It remains real estate in the hands of the trustee to be disposed of according to the law of real property. [Huffard v. Gottberg, 54 Mo. 271; Keyling v. O'Reilly, 71 S. W. 372, and cases there cited.]

"According to an established precedent, by which we must be controlled, the case in hand is one involving title to real estate and therefore without our jurisdiction and within that of the Supreme Court. [Truesdale v. Brennan, 153 Mo. 600.] And it therefore only remains for us to certify the same to that court, which is accordingly so ordered."

The cause was duly transferred to the Supreme Court where it remained until the October term, 1905, of that court. It was then remanded to this court under the following order:

"Now at this day it appearing to the satisfaction of the court that this court is without jurisdiction of this cause, it is ordered that the same be remanded to the Kansas City Court of Appeals."

Excepting that which was said in the final paragraph concerning the matter of jurisdiction, we adopt the whole of our former opinion and turn to the question of priority, the solution of which we said controls the disposition of the case.

The facts in proof sustain the allegations of the interplea. Eubank bought the land of Gibson for $1,550. He arranged with Hurt to borrow $935 to be applied in part payment of the purchase price and agreed to secure the payment of the loan by a deed of trust on the land. Gibson agreed to accept the proceeds of this loan, a span of mules valued at $155 and Eubank's unsecured promissory note for $460 in full payment of the purchase price. Accordingly, the three interested parties, Gibson, Eubank and Hurt, met to close the transaction. Gibson

executed and delivered to Eubank a warranty deed conveying the land. Eubank delivered to Hurt his promissory note for $935 and executed and delivered a trust deed conveying the land to secure the payment thereof. The proceeds of the loan were paid to Gibson and Eubank delivered his unsecured promissory note to Gibson for $460. All of these things were done at the same meeting in the presence of the three parties. The vendor knew that he was receiving the proceeds of a loan made to his vendee on the security of the land and the lender knew when he made the loan that the vendor was accepting the unsecured note of his vendee for a part of the purchase price. The subject of a vendor's lien was not mentioned and therefore no agreement was made respecting the priority of one lien over the other.

After the maturity of the note given by the vendee to the vendor, it was surrendered to the maker on the execution and delivery by him to the vendor of a renewal note in lieu thereof. After the bringing of the suit to enforce the vendor's lien and sometime before the sale under the trust deed, the plaintiff therein filed a *lis pendens* in the office of the recorder of deeds of the county wherein the land is situated giving notice of the pendency of the suit and stating that the object thereof was to declare a vendor's lien on the land.

A vendor's lien is a kind of security peculiar to equity. It arises from the fact that a vendee has received from his vendor an estate for which he has not paid the full consideration and it is not dependent for existence on the expressed agreement of the parties. [Johnson v. Burks, 103 Mo. App. 221.] In all cases where land is sold on credit it attaches to secure the payment of the unpaid purchase money except where the vendor either has waived it by express agreement or by his acts has clearly evidenced an intention to waive it.

The vendor does not waive his lien by taking the unsecured note or bond of the vendee to evidence the

deferred payment. [Delassus v. Poston, 19 Mo. 425; Linville v. Savage, 58 Mo. 248; Emison v. Whittlesey, 55 Mo. 254; Winn v. Investment Co., 125 Mo. 528.] Nor by accepting after the maturity of such note or bond a new obligation of the vendee in lieu thereof.

Tested by these rules, the vendor Gibson was entitled in equity to a lien on the land to secure the payment of the note given by his vendee Eubank and under the facts disclosed his lien was superior to that of the deed of trust given to Hurt. The vendor's equity accompanies the transfer of the estate to the vendee and therefore is intrinsically superior to a lien created by the latter in favor of a third person, since such lien can have no being before the title to the estate has vested in the vendee and the title comes to him burdened with the vendor's equity. [Turk v. Funk, 68 Mo. 18; Rogers v. Tucker, 94 Mo. 346; Truesdale v. Brennan, 153 Mo. 600.]

In discussing this subject, the Supreme Court observed in the case of Rogers v. Tucker, 94 Mo. l. c. 351: "He (the vendor) has a right to dictate how much shall be paid in cash to the end that the deferred payments shall stand fully secured. We know of no principle of law which requires him to divide his security with one who sees fit to loan the vendee the money to make the cash payment." And it further was held that the mere fact the vendor knew that the third person made the loan for the purpose of enabling the vendee to make the stipulated cash payment did not amount to a waiver of the priority of his lien. Hurt when he made the loan knew of the existence of facts that in equity gave the vendor a superior lien on the land. It was in his power to protect himself by an agreement with the vendor that his lien should have priority. Having failed to do this, it must be held to be subject to the vendor's lien. There is nothing in the facts disclosed that would justify us in transposing the equities of the parties. [Truesdale v. Brennan, supra.]

It follows that the sale of the land under the trust deed did not affect the vendor's lien which then was merged in the judgment foreclosing it. The purchaser at that sale took the land subject to the lien of that judgment, for he had notice through the *lis pendens* of the existence thereof, and Eubank is entitled in equity to have that lien enforced against the land. The surplus proceeds derived from the sale under the deed of trust over the amount required to discharge the debt therein secured and the costs of the sale belong to Eubank and not to the holder of the prior lien and that fund should not be applied to the payment of the vendor's judgment until the remedy against the land by sale under execution has been exhausted. We are aware that in the judgment foreclosing the vendor's lien a money recovery was adjudged against Eubank, the defendant, and that as a general judgment creditor Finnell could collect his debt out of any of his debtor's property but the garnishment proceeding was initiated under a special execution issued for the enforcement of the lien on the land and which contained the express command, "That of the said described real property and, if the same be not sufficient, then of any other goods and chattels, etc., of the said defendant you cause to be made the debt and costs aforesaid." Under this mandate of the writ, that is the basis of Finnell's claim to the fund in question, no attempt should have been made by the judgment creditor to reach the fund except for the purpose of paying the residue, if any, of the judgment and costs remaining after the land had been sold and the proceeds applied on the judgment. The court, sitting in equity invested with jurisdiction over the subject matter and parties, correctly adjudged the rights of the parties in accordance with the principles of equity, but, as the time fixed in the decree for the enforcement of the judgment lien against the land has expired pending this appeal, the cause is remanded with directions to the trial court so to modify the decree that

118 App.—35

the holder of the judgment lien may be afforded a reasonable opportunity to exhaust his remedy against the land. In all other respects the decree should remain unchanged. It is so ordered. All concur.