HENRY C. BROWN v. C. H. BARBER, Appellant.

Division Two, June 20, 1912.

1. **MORTGAGEE: Agreement that Junior Lien Shall Become Prior Lien.** The mortgagee in a first and second deed of trust and the mortgagee in a third deed of trust, upon a sufficient consideration, may make an' agreement, binding between themselves, by which the second deed of trust is given priority over the first deed of trust.

2. ——: ——: **Facts Constituting Agreement.** So that where plaintiff was the mortgagee in two deeds of trust, both made at the same time, one given to secure a five-hundred dollar note due in five years, and another given to secure a five-hundred dollar note due in four years, referring to the other as "a prior deed of trust of $500 on said property" but recorded one minute before the other, and defendant was the owner of a third deed of trust for $800; and upon default in the payment of interest on the two notes for $500, the property was advertised for sale under the deed of trust securing the five-year note. and at the place of sale plaintiff announced to defendant that he would bid eleven or twelve hundred dollars for the property, and thereupon defendant requested him not to do so, and agreed that, if he would not do so, he himself would bid a sufficient amount to pay the claim then in process of foreclosure and would pay the remaining five-hundred dollar note, and this proposition was accepted by plaintiff, and the sale proceeded upon the under-

standing of both that it was made subject to the remaining deed of trust and defendant became the purchaser for the amount agreed upon with plaintiff, said agreement was based upon a valid and sufficient consideration, and said second deed of trust became a superior lien to the first; and when plaintiff thereafter, upon defendant's failure to keep said agreement, had said second deed of trust foreclosed and became the purchaser at the sale, he took the title.

3. ——— :———: ———: Mistaken Belief as to Priority of Deeds of Trust. Nor does the fact that plaintiff and defendant, in making said agreement, were acting under a misapprehension as to whether the deed of trust under which the foreclosure sale was being made or the other, was a prior lien, preclude the right of plaintiff to equitable relief. A mistaken belief·as to the interest conveyed by a sale of real estate will alone furnish sufficient ground for relief in a court of equity.

4. ———: Foreclosure: Application of Proceeds. Where there are three deeds of trust on property sold at a foreclosure sale under the first, the proceeds in excess of the debt and costs secured thereby are to be applied to the second, and none of it to the third until the second is fully discharged.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*McCune, Harding, Brown & Murphy* and *Wash Adams* for appellant.

(1) The deed of trust through which appellant claims title was a first deed of trust, and as such had priority over the deed of trust under which respondent claimed title in his petition. Young v. Comm. Co., 158 Mo. 410; Truesdale v. Brennan, 153 Mo. 600; McDonald v. Quick, 139 Mo. 498; Rogers v. Tucker, 94 Mo. 346. (2) The sale under the first deed of trust cut out all subsequent encumbrances, including the deed of trust through which respondent in his petition claimed title, and the trustee's deed to appellant vested the title to the property in appellant free from the lien of the junior deed of trust. Stewart v. Per-

kins, 110 Mo. 668; Plum v. Mfg. Co., 89 Mo. 162. (3) There was no credible evidence that appellant agreed to pay the $500 note secured by the second deed of trust, or that he was to purchase the property subject to said second deed of trust. Cornett v. Bertlesmann, 61 Mo. 127; Paris v. Haley, 61 Mo. 459; Truesdale v. Brennan, 153 Mo. 605. (4) But even if there were such evidence it could not affect the unencumbered title acquired by appellant at the trustee's sale under the first deed of trust, because: (a) There was no consideration for any such agreement. (b) Being an agreement to pay the debt of another, or to cut down an unencumbered estate to an encumbered one, it was within the Statute of Frauds, and, therefore, not being in writing, was void. (c) Such evidence tended to vary and contradict the written recitals in the second deed of trust, which make the deed of trust through which appellant claims title a first lien on the property and therefore was not admissible. Benson v. Harrison, 39 Mo. 304; Houck v. Frisbie, 66 Mo. App. 19. (d) If there was such an agreement and if it had a consideration, plaintiff's remedy was at law in an action for the breach thereof. Benson v. Harrison, 39 Mo. 303; Bridge v. Tierman, 36 Mo. 439; Moberly v. Trenton, 181 Mo. 637.

*John M. Cleary* and *F. C. Downey* for respondent.

(1) The appeal to the equitable jurisdiction of the court was necessary in this case. The records did not disclose the flaw in the Barber title, while it did disclose the facts upon which Barber relies for the superiority of his title. Parol evidence was essential to show the superiority of Brown's title, as against or in explanation of the recitals of the records. Pomeroy's Eq. Jur. (3 Ed.), sec. 1399; Clark v. Ins. Co., 52 Mo. 276; Verdin v. St. Louis, 131 Mo. 112; Mason v. Beach, 87 Mo. 344; Gardner v. Terry, 99 Mo. 527;

Turner v. Hunter, 225 Mo. 71; Jewett v. Boardman, 181 Mo. 656; Harrington v. Utterback, 57 Mo. 519. (2) The deed of trust through which appellant claims title was not a first deed of trust. Appellant bought the property subject to the deed of trust through which respondent afterwards obtained title. (a) Purchase money mortgages executed by the same grantor to the same grantee as a part of one transaction and filed for record at the same time, are equal in lien. Winn v. Inv. Co., 125 Mo. 542; Linville v. Savage, 58 Mo. 248; Biddle v. George, 58 N. H. 25; Gausen v. Tomlinson, 23 N. J. Eq. 405; Howard v. Chase, 104 Mass. 249; Green v. Warwick, 64 N. Y. 220; Jones on Mortgages (4 Ed.), sec. 607a. (b) One of two mortgages equal in lien may, by parol agreement, be subordinated to the other and such agreement will not be within the Statute of Frauds. Loewen v. Forsee, 137 Mo. 40; Linville v. Savage, 58 Mo. 248; Truesdale v. Brennan, 153 Mo. 604; Jones on Mortgages (4 Ed.), secs. 607-8; Vredenburg v. Burnet, 31 N. J. Eq. 229; 2 Pomeroy Eq. Jur. (3 Ed.), sec. 626; McCaslin v. Mfg. Co., 58 N. E. 67; Rogers v. Tucker, 94 Mo. 350; Ins. Co. v. White, 106 Ill. 67. (c) One taking with notice of an equity takes subject to that equity. Pomeroy's Eq. Jur. (3 Ed.), secs. 688, 689 and 730; Burch v. Ellames, 2 Anstruthers Eng. Ex. Rep. 427; Jennings v. Moore, 2 Vern. 609; Committee v. Lebus, 77 S. W. 180; Dunman v. Coleman, 67 Tex. 390; Freeman v. Moffitt, 119 Mo. 280; Abbe v. Justus, 60 Mo. App. 300; Eck v. Taylor, 58 Mo. 235. (3) The sale did not cut out the encumbrance created by the deed of trust through which respondent claims title. The mistake in the order of filing the instruments for record or in the selection of the deed of trust to be first foreclosed, gave the appellant no superior title. Mistake is a well settled ground for the interposition of equity. 2 Pomeroy's Eq. Jur. (3 Ed.), secs. 838, 849. (4) There was over-

whelming evidence that appellant agreed to pay the interest and later on the principal of the note, through which respondent subsequently obtained title to the property. This evidence also proved conclusively that appellant believed he was buying the property under a second deed of trust. (5) The consideration for such an agreement was that respondent was not to bid at the sale and would accept interest on the other note waiving the default in that regard and thereby, as far as respondent was concerned permit appellant to buy the property at an amount only sufficient to pay the debt then under foreclosure. This agreement was fully executed by respondent. (6) The case was presented to the trial court upon the theory that it belonged in equity and it will be so considered upon appeal. Harwood v. Toms, 130 Mo. 225; Roselle v. Beckemeir, 134 Mo. 380; Kosbuba v. Moeller, 137 Mo. 161; Laughlin v. Gerardi, 67 Mo. App. 372. (7) Upon appeal from the decree of a chancellor the fact that the trial court is in closer touch with the local conditions and with the witnesses, will, where there is conflict of evidence, cause the appellate court to respect the findings of the chancellor in matters of fact. McKenzie v. Donnell, 151 Mo. 460; Barrett v. Davis, 104 Mo. 563. And in such case the appellate court is not disposed to disturb the result reached. Jennings v. Todd, 118 Mo. 309. (8) If the judgment is right and sustained by the evidence, the theory upon which the result is reached, even if erroneous, will not be ground for reversal. R. S. 1909, sec. 2082; Gillespie v. Hendrew, 98 Mo. App. 622. (a) If the decree is for the right party and agreeable to equity, the case will not be reversed. Taylor v. Laremore, 19 Mo. App. 445; Coquard v. Pendergast, 35 Mo. App. 237; Allesheimer v. Mfg. Co., 44 Mo. App. 172.

KENNISH, J.—This is an action to quiet title, brought in the circuit court of Jackson county. The real estate in controversy. is residence property situate in. Kansas City and of the value of about $1500. The real parties in interest are the respondent, Harry C. Brown, plaintiff below, and appellant, C. H. Barber, one of the defendants against whom the suit was brought. The other defendants were occupying the property as tenants and are merely nominal parties to the suit. The case was tried by the court at the October term, 1907, and a decree entered in favor of the plaintiff, from which the defendant Barber alone appealed.

The facts are substantially as follows:

On the 30th day of September, 1902, Brown was the owner of the property in controversy, and on that day conveyed the same to one Hursig for the consideration of $1450. In payment of the purchase price the vendee executed to Brown three notes, two for $500 each, and one for $450. One of the notes for $500 was due in five years from date and was secured by a deed of trust on the property conveyed. The other note for $500, due in four years, and the note for $450, maturing first, were secured by another deed of trust on the same property. The note for $450 was paid before the facts involved in this suit arose, and therefore will not receive further notice. Hursig afterwards conveyed the property and received for his equity therein a note for $800, secured by a third deed of trust on the property conveyed, and that note and the deed of trust securing it were sold and assigned to defendant Barber for the consideration of $500, and were held and owned by him at the time of the foreclosure sale hereinafter mentioned. The first two deeds of trust above described were executed at the same time and as one transaction, but the deed securing the note for $500 due in four years, by recitals therein, referred to the other as "a prior deed of trust of $500 on said

property," and therefore we shall refer to the latter as the first deed of trust and to the former as the second. The two deeds were filed for record in the office of the recorder together, but the second was marked filed one minute before the first. Both notes and trust deeds remained the property of Brown, and on the 6th day of July, 1906, default having been made in the payment of the interest on each note, Brown, in accordance with the terms of the deed, sold the property under the first trust deed. Brown and witness Peltzer, the latter a real estate man whom Brown had requested to accompany him to the sale and advise him, and the defendant Barber, were present at the sale. All of them agree in their testimony that immediately before the sale the subject of Brown's claim against the property and also that of Barber were discussed, but they disagree as to what was said and as to the arrangement alleged to have been made. The testimony of Brown and Peltzer tended to prove that they talked with Barber concerning the sale about to be made, on the assumption and with the understanding that the property was to be sold subject to the lien of the deed of trust which had been first placed of record; that Brown desired to purchase the property and intended to bid therefor the amount of $1100 or $1200, and so informed Barber; that Barber said Brown could not get the property for that sum, as he would have to bid higher in order to protect his claim under the third deed of trust; that thereupon an arrangement was made between Barber and Brown by which the latter was not to bid above the amount of his claim under the deed then being foreclosed, and that Barber was to pay the overdue interest on the other note that day and would pay off the note soon thereafter; that Barber purchased the property at the sale, in accordance with the arrangement made, but that he refused to pay the interest or principal of the other note and claimed that he held abso-

lute title to the property, free from the lien of Brown's remaining trust deed. Barber denied that any arrangement was entered into as testified to by Brown and Peltzer, and further testified that he purchased the property knowing that it was being sold under the first deed of trust and that by the trustee's deed he became the owner of the absolute title to the property. When Barber asserted title and denied that Brown had any right or interest in the property, Brown foreclosed under the second trust deed, became the purchaser at the sale and brought this suit against Barber and the tenants occupying the property as above stated.

The court made a written finding of facts. That finding and the judgment and decree entered thereon are as follows:

"And now on the 28th day of March, A. D. 1908, being a day of the regular January, A. D. 1908, term of this court, this cause comes on regularly for final determination and the court having considered the pleadings and the evidence and having heard and considered the arguments of counsel, finds:

"1. That the defendants Eugene Sigers and Mary E. Sigers have no right of possession of, or right, title or interest in or to lot sixteen, Elder's Addition to Kansas City, Missouri, as against the plaintiff Harry C. Brown, or as against the defendant C. H. Barber.

"2. That Charlotte Hursig purchased the said premises from plaintiff on or about September 30, 1902, and on said date she, together with her husband, made, executed and delivered to H. M. Brown (wife of Harry C. Brown) as part of the purchase price, their three promissory notes as follows: One for five hundred dollars due five years after date; one for five hundred dollars due in four years after date; and one for four hundred and fifty dollars due in monthly in-

stallments of fifteen dollars each. The note last described had been paid off and discharged in full prior to the several foreclosure suits referred to in the pleadings. That said notes were made to H. M. Brown merely as a matter of convenience, H. C. Brown being the real party in interest.

"3. That to secure said promissory notes said Charlotte Hursig and husband executed two deeds of trust, the one securing the five-year note only, the other securing the four-year five-hundred dollar note and the installment note. These deeds are identical in form excepting only:

"(a) In that portion of the latter deed providing for the maintenance of insurance it is provided that $800 insurance shall be maintained and such insurance is to be constantly assigned to 'first mortgagee on property.'

"(b) In that portion of the same deed specifying what shall be considered a default, there is interlined the following: 'or in any agreement made in a prior deed of trust for five hundred dollars on said property.'

"The latter deed of trust was filed for record one minute prior to the former, and appears recorded at page 351 of the book of records in which both deeds are recorded, the deed securing the five-year note appearing at page 352, while the deed of conveyance from plaintiff to Hursig is filed one minute later than the last trust deed.

"At all times prior to the making of the first foreclosure sale herein mentioned, the plaintiff was the owner of all of said notes and of the deeds of trust securing payment thereof; and at the making of the second foreclosure sale, plaintiff was the owner of the note then remaining unpaid and of the deed of trust securing the same.

"4. That the installment note for four hundred and fifty dollars was paid in full, but thereafter de-

fault was made in the payment of interest on both of
said five-hundred dollar notes, and on or about June
6, 1906, the trustee, at the request of the plaintiff,
proceeded to sell said real estate under one of said
deeds of trust, the notice of sale specifying the deed
which secured the five-year note, being the same deed
recorded second, but not containing the recitation in
finding three specified. In the meantime the defendant
Barber became the owner of a third deed of trust
upon the property securing a note of eight hundred
dollars, and he appeared at the time and place set for
the making of the sale above referred to intending to
bid upon the property to protect his interest. Before
the commencement of the sale he inquired of the plain-
tiff and of one Theodore C. Peltzer the amount neces-
sary to pay plaintiff's claim and was informed of the
amount, and further was informed that there was out-
standing and in full force and effect a deed of trust
securing another indebtedness of five hundred dollars;
and that the purchaser at the sale about to be made
would buy subject to such outstanding deed and the
indebtedness secured thereby. The plaintiff also in-
formed Barber he (plaintiff) was prepared to bid
eleven or twelve hundred dollars on the property,
which Barber requested plaintiff not to do, and he,
Barber, there and then proposed to plaintiff that, if
plaintiff would not so bid, he, Barber, would bid in
the property for a sum sufficient to pay Brown's claim
then in process of foreclosure by sale and would pay
the defaulted interest on the remaining five-hundred
dollar note, and, ultimately, would pay off and dis-
charge said remaining five-hundred dollar note. This
proposition was accepted by Brown and the sale was
proceeded with upon the understanding of Brown and
Barber that it was made subject to the remaining deed
of trust, and Barber became the purchaser for the
amount agreed upon with Brown. Immediately after
the sale Barber requested Brown to go to his (Bar-

ber's) office and he would pay all unpaid interest on the remaining note.

"5.  Barber refused afterwards to pay the interest on the remaining five-hundred dollar note and refused to pay the note itself or any part thereof, claiming that an examination of the records disclosed that the deed securing the note still held by Brown was a second deed of trust, junior and inferior to the lien of that which had been foreclosed, and under foreclosure of which he had purchased said real estate and therefore all rights under such alleged junior deed had been foreclosed and cut off, and so claiming, Barber has, ever since, refused to pay said note or any part thereof or any interest thereon.

"6.  That because of the refusal of Barber to pay said note Brown caused a sale to be made under the remaining deed of trust at which Barber appeared and warned all proposed bidders that he was the owner of the property and that no title would pass to a purchaser at said sale.  The sale was proceeded with, however, and the plaintiff became the purchaser of the property for the sum of fifty dollars, and thereafter, by virtue of the deed executed by the trustee, entered into possession of the property.

"The court finds that the defendant Barber undertook and agreed for a valid and sufficient consideration to pay the unpaid five-hundred dollar note above referred to; that the sale at which Barber purchased was made subject to the deed of trust securing the said unpaid note, to the knowledge and with the consent of Barber, and that Brown, upon the refusal of Barber to pay said note, was equitably entitled to enforce such security; but that on equitable considerations, the defendant Barber should be permitted to pay said note with all unpaid interest thereon, and the costs of the sale at which Brown purchased, if he (Barber) shall determine so to do.

"It is therefore considered, adjudged, ordered and decreed by the court that if within sixty days from this date, the defendant, C. H. Barber, shall pay or cause to be paid to the plaintiff or to the clerk of this court for his benefit, the principal of said five-hundred dollar promissory note, together with all unpaid interest thereon according to the tenor and effect of said note, and shall pay also the cost and expenses of the sale at which Brown purchased, then and immediately upon the making of such payment, the plaintiff or his attorney shall acknowledge the same by an entry upon the decree of this court and thereupon the title in and to said lot sixteen in Elder's Addition to Kansas City, Missouri, shall become and be forever quieted in said C. H. Barber as against all other parties to this suit; and such other parties hereto and all persons claiming or to claim by, through or under them or any of them since the commencement of this action, shall be barred and forever foreclosed of and from any interest in and to said real estate and the appurtenances; but if said C. H. Barber shall fail for sixty days from this date to make such payment then the title of said plaintiff in and to such real estate shall be and the same hereby is forever quieted in said plaintiff as against the defendants and each of them; and said defendants and each of them, and all persons claiming or to claim by, through or under said defendants or any of them since the commencement of this action, shall be and they hereby are and each of them is debarred and forever foreclosed from any interest whatsoever in or to said real estate and shall be and are strictly enjoined from in anywise claiming or setting up any right, title or interest or possession against the plaintiff or those claiming under him."

We are of the opinion that the foregoing finding of facts made by the learned chancellor is sustained

by the record and that the judgment and decree is in accord with the principles of equity.

The theory upon which plaintiff based his right to recover, as appears from his petition, was that the second deed of trust remained a valid encumbrance on the property after the trustee's sale at which Barber became the purchaser, and that by the foreclosure of the second trust deed and the trustee's deed to plaintiff as purchaser, he acquired a good and valid title to the property in controversy. By the defendant's answer facts were stated which showed that the first trust deed, through which defendant claimed, was recognized by the parties, at the time the deeds were executed, as a prior lien to that of the second trust deed, under which plaintiff claimed, and that the sale thereunder and purchase by the defendant vested in him the full title and divested plaintiff of any right or interest under the second deed of trust. By his reply plaintiff pleaded facts to the effect that immediately before the sale under the first trust deed an understanding and agreement was had and entered into by plaintiff and defendant as heretofore set out in the statement of facts, and that by reason thereof the second deed remained a valid lien on the property, after the sale at which Barber became the purchaser; and that consequently when a sale was thereafter made under the second trust deed, plaintiff, being the purchaser, acquired title as set forth in the petition.

It is entirely competent for the parties in interest, upon a sufficient consideration, to make an agreement by which a junior mortgage on real estate may be given priority over a superior encumbrance. [27 Cyc. 1169 and cases cited; Linville v. Savage, 58 Mo. 248; Loewen v. Forsee, 137 Mo. 29; Truesdale v. Brennan, 153 Mo. 600.]

In 27 Cyc., supra, the rule is stated as follows: "The lien of a senior mortgage will be subordinated to that of a junior encumbrance, where an agreement

to that effect is made between the parties to the first mortgage, or between the two mortgagees.  It is not necessary that the second mortgagee should be directly a party to such an arrangement; he may take advantage of a bargain of this kind made for his benefit by the mortgagor and the first mortgagee.  But the mortgagee whose lien is to be postponed must of course be a party to the agreement; he cannot be affected by a contract of which he was ignorant or to which he did not assent.''

It logically follows from the foregoing that the parties interested may make a valid agreement, binding at least between themselves, that a foreclosure sale under a prior lien may be made subject to a junior lien and that the latter shall remain a lien on the property after a sale and conveyance of title under the former.

The fact that the parties were acting under a misapprehension as to the priority of the trust deeds would not preclude the right of the plaintiff to equitable relief.  It has been decided in many cases that a mistaken belief as to the interest conveyed by a sale of real estate may alone furnish sufficient ground for relief in a court of equity.  [Clark v. Carter, 234 Mo. 90; Chrisman v. Linderman, 202 Mo. 605; Griffith v. Townley, 69 Mo. 13.]  Brown and Barber were doubtless acting under the belief that the sale at which Barber purchased was being made under a second encumbrance and subject to a first, but notwithstanding that misapprehension Brown had intended to purchase the property at such sale, at a price not to exceed $1200, and, had he been permitted to do so or if the property had been sold to another at a higher price, all of the proceeds in excess of $561.67, the amount then due, would have been properly applied upon Brown's claim secured by the second deed of trust and not upon that of Barber, under the third.  By the arrangement made by which Brown refrained from bidding beyond the

amount of his claim under the first trust deed, there was no surplus to apply on his debt secured by the second, and Barber acquired property worth at least $1500 for the sum of $563. After entering into that agreement, which was wholly executed so far as Brown was concerned, it would be most inequitable to permit Barber to take the title to the property, free from the burden which both parties understood it should bear under the arrangement made and by which Barber profited as a purchaser at the sale.

The court correctly held that by reason of the understanding and agreement of the parties the second trust deed remained a lien on the property after the conveyance to the defendant by the trustee, and that by the sale under the second trust deed the title was conveyed to plaintiff. By giving the defendant the right to have the title quieted in him upon payment to plaintiff of his claim and the costs of the sale under the second trust deed, the court did not commit error prejudicial to the defendant and of which he can be heard to complain..

The decree was for the right party and should be affirmed. It is so ordered, and appellant has sixty days from this date to comply with the decree and judgment of the trial court.

*Brown, P. J.,* and *Ferriss, J.,* concur.