## ACTION TO QUIET TITLE AGAINST BILL-BOARD RIGHTS.

Superior Court of Cincinnati.

### WILLIAM A. WINDISCH v. JOHN CHAPMAN CO.

Decided, May 15, 1913.

*Vendor's Lien—Can Not be Based on a Reserved Right to Maintain Bill-boards—Vendor and Purchaser—Lien Can Not be Based on Covenants or Agreements.*

A vendor's lien on real estate is limited to unpaid purchase money, and can not be based on the reservation of a privilege or license, such as the right of the grantor to erect and maintain on the premises conveyed bill-boards and signs free of rental therefor.

*Clement Bates* and *F. P. Muhlhauser,* for plaintiff.
*A. B. Chambers* and *T. L. Michie,* contra.

OPPENHEIMER, J.

Plaintiff filed his petition against the defendant in which he alleges that he is the owner in fee of certain real estate described in the petition; that said real estate came to him through mesne conveyance from defendant and that owing to a formal defect in the original deed from defendant to its immediate grantee, a cloud has been cast upon his title. He therefore asks to have his title quieted against defendant.

The defendant, in its answer, alleges that on January 7, 1904, it conveyed the property described in the petition to one Charlotte Lindner, the consideration for the transfer being $2,000 "and the exclusive right to erect and maintain, without rental, bill-board signs on any portion of the property * * * as long as the purchaser possesses" it; that for the purpose of defeating this reserved right a fictitious sale was made to one Clara W. Dorger, who thereupon leased it to the Maley, Thompson & Moffet Company; that the latter company thereupon proceeded to remove the bill-boards, and that despite an injunction suit instituted by defendant, the boards were ultimately removed because defendant was unable at that time to show that the deed to Clara W. Dorger was not a *bona fide* one; that

the property was subsequently reconveyed to Clara W. Dorger, by whom it was, on September 27, 1911, deeded to Clement Bates, who is plaintiff's immediate grantor.. Defendant further alleges that the conveyances made prior to the acquisition of the title by Clement Bates were all fraudulent and made for the express purpose of defeating its reserved right, and that by reason thereof it has suffered damage to the extent of $3,500. For this sum it prays judgment and it asks also that the judgment may. be declared a lien upon the property in·the hands of the plaintiff.

This defense is manifestly a decidedly novel one, and its novelty has induced us to hesitate. Defendant argued at first that the privilege of maintaining signboards was a covenant which ran with the land. Finding this position entirely untenable, it now contends that the privilege was expressly made part of the consideration for the transfer; that it is therefore part of the purchase price, and that as it was not paid (*sic!*) it is a lien upon the property. And to sustain their contention counsel quote from Anderson's Law Dictionary:

"A vendor's lien upon land holds for any part of the purchase money which remains unpaid, against all persons except a purchaser for a valuable consideration without notice."

As it·is not alleged that either plaintiff or his immediate grantor was not a purchaser for value without notice; that this portion of the "consideration" had not been "paid," we fail·to appreciate the helpfulness of the quotation; but as such answer may be too patent to overcome such an ingenious argument, we point out the less obvious fact that the definition comprehends only money, and surely a privilege is not money, although·it may be pecuniarily valued. Every case cited·in defendant's brief, except *Amos* v. *Railway*, 17 C. C., 684, relates specifically to purchase money, and that case relates to an agreement to pay in stock, which thus became by consent a medium of exchange.

A vendor's lien is an equitable right accorded by implication to one who has conveyed land without reserving a lien thereupon to subject the land to the payment of the purchase

price when the rights of others will not be injuriously affected thereby. It concerns itself invariably with purchase money or its equivalent, and we find absolutely no case which creates a lien of this kind for the protection and enforcement of a privilege or license. *Gee* v. *McMillan*, 14 Ore., 268 (12 Pac. Rep., 417; 58 Am. Rep., 315); *Blomstrom* v. *Dux*, 175 Ill., 435 (51 N. E. Rep., 755); *Eubank* v. *Finnell*, 118 Mo. App., 535 (94 S. W. Rep., 591); *Wilson* v. *Mining Co.*, 174 Fed. Rep., 317.

The lien originates in the doctrine of equitable trusts, is entirely a creature of equity, having no authority in positive law, and was doubtless devised to contravene the rule of common law that land might not be subjected to execution for a simple contract debt. *Mutual Aid Bldg. Assn.* v. *Gashe*, 56 Ohio St., 273; *Campbell* v. *Sidwell*, 61 Ohio St., 179; *Ahrend* v. *Odiorne*, 118 Mass., 261 (19 Am. Rep., 449). It is not an interest or estate in the land, but a mere equitable right to resort to the land in case the purchase money is not paid and in case there be no intervening rights which would render its enforcement unconscionable.

In order to give the vendor a lien, there must be a debt for unpaid purchase money to a fixed amount (*Welsh* v. *Loan & Tr. Co.*, 165 Fed. Rep., 561). The debt must be payable at a certain time and in a certain manner (*Donovan* v. *Donavan*, 85 Mich., 63). It must be payable as purchase money (*Shaw* v. *Tabor*, 146 Mich., 544). The consideration may be paid otherwise than in money, as in goods or services (*Amos* v. *Railway, supra; Ross* v. *Clark*, 225 Ill., 226). But it can not consist of covenants or agreements for the breach of which the remedy is an action at law for damages. *Graham* v. *Moffett*, 119 Mich., 303; *Whitely* v. *Trust Co.*, 76 Fed. Rep., 74.

It follows necessarily that defendant can acquire no lien upon these premises, and the motion for judgment on the pleadings will be granted.