SINCLAIR REFINING COMPANY, a Corporation, Appellant, v. PAUL V. WYATT, WILBUR W. WYATT, U. V. WYATT and E. S. WILHITE, all residing in Cass County.—149 S. W. (2d) 353.

Division Two, April 3, 1941.

*Roger B. Jones, Crouch & Crouch* and *Wm. M. Kimberlin* for appellant.

*Rosenberg, Hargus & Koralchick, Will H. Hargus* and *C. E. Groh* for respondents.

TIPTON, P. J.—This is an appeal from a decree in the Circuit Court of Cass County, Missouri, of an equitable suit to determine title, wherein that court found that the appellant had no. legal or equitable interest or title to a lot on which was situated a filling station located in the town of Belton, Missouri.

In order to determine the issues that were before the trial court, we will briefly summarize the pleadings. The appellant's petition avers that Paul V. Wyatt derived title to the real estate in question by purchase from J. O. Sole and Ada M. Sole by warranty deed dated December 10, 1934; that on April 17, 1935, Paul Wyatt entered into a lease for a term of ten years, beginning March 1, 1935, and ending February 28, 1945, which lease was recorded August 9, 1935, in the office of the Recorder of Deeds. of Cass County, Missouri; that on May 1, 1935, Paul V. Wyatt executed a deed of trust to William R. Moore for the use of defendant, John H. Livingston, which deed was recorded on May 7, 1935; that Livingston knew of the prior execution of the lease, and was not willing to make the loan until the lease had been executed; that in May, 1938, in an attempt to "wipe out" the lease of the appellant, the respondents, acting in concert and as agent for each other, went through a pretended foreclosure and E. S. Wilhite was the purchaser at the sale and now contends that appellant's lease is no longer in effect; that the notice of sale was published in the Drexel Star, a newspaper published in the farthermost end of Cass County, and where it was least likely for anyone to know of the pretended foreclosure; that the appellant has complied with all the terms and conditions of the lease and is entitled to possession of the premises under the lease; and that the prayer was "that an order and decree be entered holding valid the lease of this plaintiff (appellant), and finding that said lease is prior to any deed of trust on said real estate or any pretended foreclosure of any deed of trust thereon . . . ."

The petition also contains a count for an injunction based upon the same facts already set forth.

The answer of Wilbur W. Wyatt and U. V. Wyatt was a general denial, as was the separate answer of Paul V. Wyatt, which also contained an admission that he purchased the property from J. O. Sole and Ada M. Sole, that he executed the lease and deed of trust described in appellant's petition, that the deed of trust was foreclosed during the month of May, 1938, and that E. S. Wilhite was the purchaser at the foreclosure sale.

The separate answer of E. S. Wilhite admitted that the lease described in appellant's petition was recorded August 9, 1935, and the deed of trust was recorded May 7, 1935; that the property described in the petition was sold under foreclosure of the deed of trust during the month of May, 1938, and that he was the purchaser; that he specifically denies that the lease was executed prior to the deed of

trust; that he purchased the property for himself; and that in other respects he denies the other allegations of appellant's petition.

The appellant's reply to the respondents' separate answers was a general denial.

We have summarized the pleadings in order to determine the issues that were presented to the trial court. In the appellant's brief there are issues presented that were not before the trial court. We have repeatedly held that a party will not be permitted to try his cause of action on one theory in the trial court and, if unsuccessful there, try it upon a different theory in an appellate court. [Henry County v. Citizens' Bank, 208 Mo. 209, 106 S. W. 622; City of St. Louis v. G. H. Wright Contracting Co., 210 Mo. 491, 109 S. W. 6; Snyder v. American Car & Foundry Co., 322 Mo. 147, 14 S. W. (2d) 603; State ex rel. Brotherhood of Locomotive Firemen & Engineers v. Shain, 343 Mo. 666, 123 S. W. (2d) 1.] In an equity case, the decree must conform not only to the evidence but also to the pleadings. [Friedel v. Bailey, 329 Mo. 22, 44 S. W. (2d) 9.]

Under the pleadings, the ultimate question for determination is: Does the lease take precedent over the deed of trust?

If the lease were made subsequent to the date of the deed of trust that was foreclosed, "it cannot properly be contended that the sale was subject to the lease because it has long been the established rule a foreclosure of a deed of trust antedating a lease of the mortgaged premises nullifies and extinguishes the lease. [McFarland Real Estate Co. v. Gerardi Hotel Co., 202 Mo. 597, 100 S. W. 577; Roosevelt Hotel Corp. v. Williams, 227 Mo. App. 1063, 56 S. W. (2d) 801.]" [J. W. Stone and Myrtle Stone v. W. E. Hammons, Trustee, and W. L. Brandon, 347 Mo. 129, 146 S. W. (2d) 606.]

We are of the opinion that the lease in litigation was executed subsequent to the date the deed of trust was executed. The facts in reference to the execution of the deed of trust and the lease are as follows: On December 10, 1934, J. O. Sole and Ada M. Sole deeded the lot in question to Paul V. Wyatt, and they assigned a lease with the appellant to him. During the months of March and April of 1935, the appellant and Paul V. Wyatt, acting through his father, U. V. Wyatt, were in the process of negotiating a new ten-year non-cancellable lease. This lease was to begin March 1, 1935, and to terminate February 28, 1945. During this period, U. V. Wyatt, acting for the record owner, was also negotiating a loan from John H. Livingston in the sum of $2000. Livingston knew about the negotiation for the lease. On April 25, 1935, Paul V. Wyatt signed the lease and returned it to the appellant's office in Kansas City, Missouri, and in a few days it was sent to the appellant's New York office to be executed. After its execution, it was returned to the Kansas City office on May 16, 1935. From the evidence, we infer it was signed at the New York office about May 14, 1935; however, it was

868

not recorded until August 9, 1935. In the meantime, the deed of trust was executed on May 1, 1935, by Paul V. Wyatt to William R. Moore, trustee, for the use of John H. Livingston, and it was placed of record on May 7, 1935. Thus, it clearly shows that the deed of trust was executed and recorded before the lease was signed by the appellant.

Section 2965, R. S. Mo. 1929, states: "All leases . . . not put in writing and signed by the parties . . . shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force."

Under this statute, a lease is not valid until it is signed by both the lessor and lessee. [Reid v. Gees, 277 Mo. 556, 210 S. W. 878; Valle v. Kramer, 4 Mo. App. 570.] Therefore, the lease in the case at bar did not become a valid and binding lease until it was signed in New York, which date of signing was later than the date the deed of trust was executed. It therefore follows that upon foreclosure of the prior existing deed of trust the lease was wiped out, unless there was an agreement between the parties that the lease had priority over the deed of trust.

 Was there an agreement between the parties that the subsequent lease should have priority over the deed of trust?

Without detailing the evidence, we believe that it justifies the conclusion of the trial court that "I am going to find that these three parties in unison together, U. V. Wyatt, Paul Wyatt and E. S. Wilhite to cancel this lease . . ." So whatever knowledge in regard to the deed of trust, its foreclosure, and the lease that Paul V. Wyatt, Wilbur W. Wyatt and U. V. Wyatt had was imputed to Wilhite.

As previously stated, the negotiations for the lease and the deed of trust were taking place at about the same time. Livingston was told by the Wyatts that the appellant was going to make a ten-year non-cancellable lease on this premise. He was assured by representatives of the appellant that the lease would be executed. Appellant's attorneys assured him that the title was in Paul V. Wyatt and he made the loan secured by the deed of trust on that assurance.

Livingston testified on this point as follows:

"Q. Both assured you that negotiations were under way for a lease? A. And under that condition I was to make the loan.

"Q. You didn't care who it would finally be with, Sinclair, Shell, Standard, or Phillips? A. I was assured by both parties that the lease would be perfected, either with that company or some other company.

"Q. Some other national company? A. Yes, sir.

"Q. That is all you cared about, that there would be some lease to some national company? A. That was my intention before the deal was consummated."

It is apparent from this testimony that while Livingston insisted

that a lease be made on this property, either by the appellant or some other nationally known oil company, yet there was no clear, cogent proof between the parties that the lease was to have precedent over the deed of trust. It is probable such an agreement could have been made, but the evidence does not justify the conclusion that it was made.

It is entirely competent for the parties in interest, upon a sufficient consideration, to make an agreement by which a junior lease on real estate may be given precedent over a superior encumbrance. [Brown v. Barber, 244 Mo. 138, 148 S. W. 892.] But without a very clear and overwhelming testimony, no court should transpose the equities of the parties in such a case. [Truesdale v. Brennan, 153 Mo. 600, 55 S. W. 147.]

We hold that the evidence does not justify a finding that there was an agreement that the junior lease should take precedent over the deed of trust.

At the close of appellant's evidence, it sought to amend its petition by adding "and said loan was satisfied and thereby said lease became a first lien or incumbrance on the real estate and is now in full force and effect." The trial court refused to permit the amendment on the ground that it stated only a legal conclusion. This ruling is assigned as error. Pleadings must state facts and not conclusions. We agree with the trial court that the proffered amendment was a conclusion. Moreover, the theory of appellant's cause of action under the pleadings was that the lease was superior to the deed of trust, and to permit an amendment showing payment would substantially change the issues before the trial court. This is not permitted under Section 819, R. S. Mo. 1929.

Since a decree in equity must conform to the pleadings, Friedel v. Bailey, supra, we will not discuss the points raised by the appellant to the question that the foreclosure was, in fact, a payment of the note secured by the deed of trust.

We have discussed all of the questions raised by the pleadings and are of the opinion that the decree of the trial court should be affirmed. It is so ordered. All concur.