ROSA BLASS, Appellant, v. BARNEY ·BLASS, Respondent.

**St. Louis Court of Appeals.    Submitted on Briefs   May 4, 1916. Opinion Filed June 6, 1916.**

1. **DIVORCE: Action to Set Aside: Sufficiency of Evidence.** In an action by a wife. to set aside a decree of divorce rendered in favor of the husband, evidence *held* to show that the husband had been a resident of this State one whole year next prior to the institution of the suit for divorce.

2. **JUDGMENTS: Equitable Action to Set Aside: Prerequisites to Relief.** The fraud that will authorize a court of equity to set aside or ignore a judgment rendered by a court of competent jurisdiction, must be established by clear, strong and cogent evidence, leaving no room for reasonable doubt of its existence, and it must be shown that the fraud was exercised in the very procurement of the judgment and was a fraud upon the court as well as upon the other party to the suit.

3. **DIVORCE: Action to Set Aside: Sufficiency of Evidence.** In an action by a wife to set aside a decree of divorce rendered in favor of the husband, evidence *held* insufficient to show that the testimony given by the husband in the divorce suit was false or perjured.

4. **JUDGMENTS: Equitable Action to Set Aside: Perjury.** A judgment cannot be set aside in a collateral proceeding, on account of perjury committed at the trial.

Appeal from St. Louis City Circuit Court.—*Hon. Leo· S. Rassieur,* Judge.

AFFIRMED.

*Emerson .E. Schnepp* for appellant.

(1)   The judgment in the divorce suit of Blass, v. Blass is null and void and of no effect for the reasons:   (a) That plaintiff, Barney Blass, was not and had not been at the date of signing and making affidavit to the petition, and at the date of the filing thereof, a resident of the State of Missouri for one whole year next prior thereto, within the meaning of

the law, and the court therefore had no jurisdiction of defendant, Rosa Blass, or the marriage status, the *res.* R. S. 1909, section 2373; Kruse v. Kruse, 25 Mo. 69; Bishop, Marriage and Divorce, section 192, 193; 1 Black on Judgments, sec. 320; Minor, Conflict of Laws, sec. 29, pp. 70, 71; sec. 59, p. 114; sec. 63, p. 119. (b) The allegations as to defendant's residence in said divorce petition, "that defendant is not resident within the State of Missouri, her place of abode being to this plaintiff unknown," conferred no jurisdiction on the court to grant the order for service of process by publication, and therefore said publication was not service of process on defendant, and the court was without jurisdiction to grant said decree of divorce. R. S. 1909, sec. 1770; Dorrance v. Dorrance, 242 Mo. 625, 651; Howard v. Scott, 225 Mo. 685, 713; Stern v. Judson, 163 Cal. 726. (2) The law is well settled in this State, as elsewhere, that a court of equity will in a direct proceeding grant relief against a judgment or decree procured by fraud, provided the fraud is established by clear, strong and cogent evidence, leaving no room for reasonable doubt as to its existence; and provided, further, that the fraud thus perpetrated was exercised in the very procurement of the judgment complained of and was a fraud upon the court as well as upon the other party to the suit. Dorrance v. Dorrance, 257 Mo. 317, 325; Dorrance v. Dorrance, 242 Mo. 625, 651; Lieber v. Lieber, 239 Mo. 1, 31; Howard v. Scott, 225 Mo. 685, 713, 714. (3) A court of equity will set aside and annul its judgment or decree when it is founded on a cause of action vitiated by fraud, if the interposition of the fraud as a defense has been prevented by the fraud of the opposite party. Howard v. Scott, 225 Mo. 685, 714; Ward v. Quinlivin, 57 Mo. 425, 427; United States v. Thockmorton, 98 U. S. 61. (4) Fraud will violate any, even the most solemn transactions. Both judgments at law and decrees in equity are within the operation of this rule, and an asserted title founded upon it is utterly void. Not only may relief be had from fraud in equity, but as be-

tween the parties themselves; whatever the transaction may be, it is void. Dorrance v. Dorrance, 242 Mo. 625, 651, 652; Lewis v. McCabe, 76 Mo. 307, 309; Ward v. Quinlivin, 57 Mo. 425, 427; Freeman on Judgments, secs. 250, 591; Story, Equity Jur. (13 Ed.) 261, sec. 252. (5) The question of laches or limitation, barring plaintiff's suit, is not in this case for the following reasons: (a) Said decree of divorce by reason of the fraud in its procurement is null and void. Cases cited under Point IV. (b) A court of equity always has the power, independent of statute, to set aside its own decrees at any time for fraud in procuring them. Salisbury v. Salisbury, 92 Mo. 687. (c) Defendant herein by his concealment of said decree of divorce from plaintiff until 1905 and his subsequent promises, conduct and acts toward plaintiff, which prevented her from heretofore prosecuting a suit to annul said decree of divorce, is estopped from setting up the defense of laches or limitation.

*Fauntleroy, Cullen & Hay* for respondent.

(1) A judgment obtained on service by publication is impervious to attack for any defect or imperfection in the service and not apparent upon the face of the record, and the jurisdiction of the court to render it cannot be questioned and the publication in this case was not, in any sense, obtained by fraud. The defendant was a non-resident. Payne v. Lott, 90 Mo. 676; Jones v. Driskill, 94 Mo. 190; Schmidt v. Niemeyer, 100 Mo. 207; Gibbs v. Southern, 116 Mo. 204; Cruzen v. Stephens, 123 Mo. 337; State *ex rel.* v. Wessell, 237 Mo. 593. We find no case which imposes the duty upon the plaintiff of giving any other notice than one required by law. Obviously, if the law declares what notice shall be sufficient, it was not intended that the plaintiff should give some other additional notice. The mere fact that the defendant in the divorce suit did not see the published notice of the suit, did not and could not affect its validity. Ellis v. Nuckols, 237 Mo. 290. Our reports are full of cases holding such services to

be valid, notwithstanding the fact that the defendants never saw the publication. The circuit court of the city of St. Louis acquired jurisdiction over the persons of both plaintiff and defendant, in the divorce suit, and that being true, it must necessarily have acquired jurisdiction of the subject-matter of that suit, which was the marital relation existing between them. Gould v. Crow, 57 Mo. 200. (2) The fraud that will authorize a court of equity to set aside a judgment rendered by a court of competent jurisdiction, whether of this or of another State, must be fraud exercised in the procurement of the judgment and was, therefore, a fraud upon the court and the other party to the suit, and such fraud must be established by clear, strong and cogent evidence, leaving no room for reasonable doubt. Lieber v. Lieber, 239 Mo. 1. And perjured testimony is not such fraud upon the court as authorizes the judgment to be set aside. Proof that a plaintiff in the divorce suit paid a certain person money to swear falsely for him in the divorce suit is not sufficient to set a divorce decree aside. Lieber v. Lieber, 239 Mo. 1. (3) Plaintiff's right to relief in this action is based on fraud and the Statute of Limitations begins to run when the fraud is discovered, and it is clear beyond question that the plaintiff discovered the alleged fraud in 1905 when she filed her first bill in equity. 25 Cyc. 1173 to 1182, also 1183 to 1184, and authorities cited; Perry v. Craig, 3 Mo. 274. (4) The limitation for an equitable action for relief on the ground of fraud is prescribed by the fifth subdivision of section 1889, which requires that an action for relief on the ground of fraud shall be brought within five years. R. S. 1909, sec. 1889; Fitzpatrick v. Stevens, 114 Mo. App. 497; Ruff v. Miller, 92 Mo. App. 620. Where the fraud, as in this case, is an open one, or known to the plaintiff, the statute runs within five years. Scott v. Boswell, 138 Mo. App. 601. (5) The statute bars equitable as well as legal actions, with the distinction that when the relief sought is based upon an equitable right a court of equity acts upon its own inherent rules, and

will refuse to interfere where. there has been gross laches or long acquiescence in the operation of adverse rights, even though the action may not be barred by the statute. Loomis v. Railroad, 165 Mo. 469. Laches is an equitable defense. There is no artificial, fixed or determinate rule on this subject, but each case, as it arises, must be decided according to its own particular circumstances. Kline v. Vogel, 90 Mo. 248. (6) A judgment on demurrer will constitute *res judicata* where it goes on the merits of the case, such as where the petition or bill does not state facts sufficient to constitute a cause of action. Conn. Mutual Ins. Co. v. Smith, 117 Mo. 261-296; Wells v. Moore, 49 Mo. 229; Coleman v. Dalton, 71 Mo. App. 14; Bennett v. Southern Bank, 61 Mo. App. 297. The former suit was a suit in equity and the general rule is that in suits in equity, even though the plaintiff voluntarily dismisses the action, yet if the dismissal is based on the merits of the case as that the complainant is shown no ground of relief or the like, such dismissal is *res judicata* as to all matters involved in the proceeding. U. S. v. Parker, 120 U. S. 89; Baker v. Cummings, 181 U. S. 117; 24 Am. & Eng. Ency. of Law (2 Ed.), 803.

REYNOLDS, P. J.—This is a suit in equity commenced in the circuit court of the city of St. Louis November 17, 1911. Its object and purpose is to set aside and annul a decree of divorce entered by that court in a case in which Barney Blass, defendant here, was plaintiff and Rosa Blass, here plaintiff, was defendant.

It is averred that the decree of divorce was entered by default March 29, 1904; that it was alleged in the petition for the divorce that ever since November 28, 1902, and up to the time of filing the petition for the divorce, which was December 22, 1903, the defendant in that case, plaintiff here, had absented herself from her husband, Barney Blass, without any cause whatever; that this allegation was untrue; that on the contrary Barney Blass, without any cause or excuse therefor, and without any knowledge on the part of plain-

tiff of his intention so to do, deserted and abandoned her and secretly left their home in San Francisco, California, on December 20, 1903, coming to Kansas City, Missouri, and soon thereafter to St. Louis, and that from and since that time had concealed his whereabouts from the plaintiff here until, after diligent search and inquiry, she learned of his whereabouts in January, 1905.

It is further averred that the allegation in the divorce petition, that the place of abode of the defendant in that case, plaintiff here, was unknown to Barney Blass, was untrue, as he well knew that at all the times mentioned in the divorce petition, the place of residence of Rosa Blass was in San Francisco, California. It is further averred that the allegation in the divorce petition that Barney Blass had resided in the State of Missouri one whole year next before the filing of the petition for divorce, to-wit, next before December 22, 1903, was not true, for the reason that until December 20, 1902, and thereafter, he was a resident of the State of California, and that after that time he came to Kansas City and thence to St. Louis; that by reason of Barney Blass not having resided in the State of Missouri for the space of one whole year next before the filing of his petition for divorce, the court was without jurisdiction to entertain the cause or enter a valid decree therein, wherefore it is averred that the decree is null and void.

It is further averred that at the hearing and trial of the divorce case on March 28, 1904, Barney Blass, the plaintiff therein, testified in his own behalf that the allegations here charged to be untrue were true, when in truth and fact he well knew that these allegations and the testimony given by him in support thereof were untrue, and that the false testimony given by him was made and given for the purpose of deceiving and perpetrating a fraud upon the court, whereby he might procure a judgment and decree of divorce, and that by so falsely testifying, Barney Blass had perpetrated a fraud upon the court in the procure-

ment of the judgment and decree of divorce from his wife Rosa. It is further averred that the plaintiff Rosa, had no knowledge of the filing of the divorce suit, the pendency thereof, or granting of the decree therein, until January, 1905, although at all times Barney Blass well knew the whereabouts of this plaintiff; that soon after learning of the suit and the granting of the decree of divorce, plaintiff came to St. Louis and thereafter, in November, 1905, instituted a suit in the circuit court of the city of St. Louis to set aside that decree, but had thereafter dismissed that suit under the promise of Barney Blass to remarry this plaintiff, and by reason of the renewal of that promise many times, continuing from November, 1905, until the year 1911, plaintiff had not theretofore prosecuted a suit to set aside the decree. The prayer is for the annulment of the decree of divorce.

The defendant answered, first setting up a plea in abatement, which was stricken out on demurrer. By way of further answer defendant admits that on December 22, 1903, he filed the suit for divorce in the circuit court of the city of St. Louis, as set out, and that on March 28, 1904, a decree of divorce was granted him from the present plaintiff, but denies all the other averments in the petition here filed. For a further defense defendant pleads the Statute of Limitations, and as a final defense pleads laches on the part of the present plaintiff in the institution of the present action, averring that he, defendant, was legally divorced from plaintiff at the time stated in her petition and that, relying upon the action of the court in said cause and upon the advice of his attorneys, on November 6, 1904, he was duly married to another party and lived with her as her husband until September, 1905, when he was legally and properly divorced from that party, and that after all the matters and things in the petition stated had occurred, on October 6, 1912, he married another party, who is now his wife, and that there has been born to this last marriage a child, now three months old, and defendant avers that the plaintiff here

was advised of all the matters and things herein alleged and is guilty of laches in the institution of this suit, and that the maintenance of it at this time is unjust and inequitable and plaintiff is and ought to be estopped and precluded by her delay and laches from prosecuting this suit and in obtaining any such relief as is prayed for in the petition.

A general denial by way of reply was filed to this.

The cause was tried before the court, and finding for defendant, the court dismissed it at the cost of plaintiff, from which judgment plaintiff has duly perfected her appeal to our court.

We have read the evidence in this case and discover no reason why we should disturb the finding of the trial court.

There is some conflict in the testimony as to when respondent left California and took up his residence in Missouri. But on due consideration of it we are satisfied that the weight of it, its decided preponderance, is in favor of the respondent. That is to say, by the decided preponderance of the evidence it appears that when plaintiff in the divorce action commenced that action, he had been a resident of this State for one whole year next prior to the institution of that action. It appears that on December 20, 1902, Barney Blass had come to this State with the intention of remaining here, staying for a few days in Kansas City, Missouri, and then removing to St. Louis, at which place he has ever since resided. Hence the fact of residence for the statutory period, which lays at the very foundation of the jurisdiction of the circuit court in granting the divorce, must be here held to have been established by substantial evidence.

As was held by our Supreme Court in Lieber v. Lieber, 239 Mo. 1, l. c. 31, 143 S. W. 458, the fraud that will authorize a court of equity to set aside or ignore a judgment rendered by a court of competent jurisdiction, must be "established by clear, strong and cogent evidence, leaving no room for reasonable doubt of its existence; and provided further, that the fraud

thus perpetrated was exercised in the very procure-
ment of the judgment complained of, and was a fraud
upon the court, as well as upon the other party to the
suit.''

That plaintiff in this case, defendant in the divorce
case, was properly served with notice by publication
as a nonresident, also clearly appears. Admittedly
she was then a nonresident and could be served by
publication. There was some discrepancy in the testi-
mony which is shown to have been given in the divorce
action by Barney Blass as to the time of his arrival
in this State and that now given, but that is explained
satisfactorily by his testimony in this case. It is also
in evidence that Barney Blass and his then wife Rosa,
plaintiff here, then residing in California, had con-
cluded to remove to this State. Rosa Blass was then
residing in Sacramento, apparently learning some
kind of a trade or business. They were married in
Sacramento and a day or two after the marriage the
husband went to San Francisco. He remained there
a short time and purchasing a railroad ticket for him-
self from San Francisco to St. Louis, as also a return
ticket from San Francisco to Sacramento, went to Sacra-
mento and gave his wife a ticket from Sacramento to
St. Louis, it being the understanding that she should
follow him to St. Louis. Barney Blass went back to
San Francisco and left there about December 15 or 16,
1902, going to Kansas City, Missouri, where he is
shown to have been December 20, 1902, then coming to
St. Louis. His wife did not follow him and as far as
appears never used the railroad ticket. Barney Blass,
according to his testimony, and it does not appear to
be seriously contradicted, wrote her several letters
urging her to come on to St. Louis and join him. She
did not follow him and answered none of these letters
and finally he wrote her several letters, sending two
or more of them by registered mail to her at her last
known address in Sacramento, as he testifies, and these
were returned undelivered. That happened to several
other letters he sent her by regular mail. This situa-

tion continued for at least a year, when Barney Blass, then having resided for a full year in the State of Missouri, instituted the divorce action.

We have referred to the testimony given by plaintiff in the divorce case, and which is attacked as false and perjured testimony, and have set out the testimony given at the hearing of the present case with the view of showing, as we think it does, that it does not appear by the preponderance of the evidence in the case at bar that the testimony given by plaintiff in his divorce case was false or perjured. We do this, not as decisive of this case but in justice to the defendant.

In Lieber v. Lieber, supra, quoting at length from Wabash R. R. Co. v. Mirrielees, 182 Mo. 126, l. c. 143, 81 S. W. 437, and authorities there cited as holding that a judgment of a court cannot be set aside in a collateral proceeding for perjury committed at the trial of that case, our Supreme Court (l. c. 46) concludes with this quotation from that decision: "Nothing can be added to the reasoning of the courts on this question. Accordingly we hold that the allegation of perjury on the part of plaintiff in the original suit is not sufficient to set aside his judgment." Lieber v. Lieber was a case in which, among other things, a decree of divorce was attacked as void. Vance v. Burbank, 101 U. S. 514, is also quoted approvingly (l. c. 519) as holding: "It has also been settled that the fraud in respect to which relief will be granted in this class of cases must be such as has been practiced on the unsuccessful party, and prevented him from exhibiting his case fully to the department, so that it may properly be said there has never been a decision in a real contest about the subject-matter of the inquiry. False testimony or forged documents even are not enough, if the disputed matter has actually been presented to or considered by the appropriate tribunal."

In Gray v. Barton, 62 Mich. 186, l. c. 196, it is said: "But it does not seem to me that the mere allegation that the defendant committed perjury upon

the trial, and the belief of the complainant that he can establish such perjury upon a retrial, is such a fraud as will authorize a court of equity to interfere, after the judgment against him in a court of law has been affirmed by the highest tribunal. The establishment of such a right in the defeated party would, open the way for another contest in equity in almost, if not every, suit decided at law." A multitude of decisions by the courts of many States are cited in support of this. The Dorrance cases, 242 Mo. 625, 148 S. W: 94, and 257 Mo. 317, 165 S. W. 783, in no manner are contrary to this, when the facts relied upon for the attack of the decrees of divorce are considered.

In the view we take of the case, it is unnecessary to pass upon the question of the Statute of Limitations or laches.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.