[1] Plaintiff (appellant) brought this suit in equity to set aside a decree of divorce granted to defendant (respondent) in the circuit court of Jackson County in 1943. Her petition was filed in 1947 and charged several grounds for setting aside the decree, but at the conclusion of her evidence she abandoned all allegations except the charge that the date and place of the marriage were erroneous and false; whereupon the court sustained defendant's motion to dismiss the petition. Consequently the sole question before us on this appeal is whether the fact that defendant misstated the date and place of the marriage in his petition for divorce is sufficient to set aside the decree.
[2] The husband's petition for divorce alleged that he and his "wife were lawfully married on the 11th day of October, 1908, in Paris, France"; that they lived together as husband and wife thereafter until about the 1st of June, 1939; and that defendant deserted and abandoned plaintiff and since said date has lived separate and apart from him. There were other allegations sufficient to state a good cause of action for divorce. The prayer was that plaintiff "be divorced from the bonds of matrimony contracted as aforesaid with the defendant and for such other and further relief as to the court may seem just and proper." Service was obtained by publication, but the publication notice did not state that the marriage had taken place in Paris, France, on October 11, 1908. It merely recited that the object and general nature of the suit was to obtain a decree of divorce from the bonds of matrimony heretofore contracted between the parties, and set out the grounds for the divorce. At the trial of the divorce case the husband testified that they were married November 11, 1908, but did not state where the marriage took place. He also testified to sufficient facts entitling him to a divorce on the grounds alleged.
[3] The material part of the divorce decree reads: "Wherefore, it is adjudged and decreed by the court that the bonds of matrimony heretofore contracted between plaintiff and defendant be and are hereby dissolved and for naught held and plaintiff *Page 161 
forever freed from the obligations thereof."
[4] The undisputed evidence is that the parties were not married in Paris, France, in 1908, but were actually married in St. Louis, Missouri, October 11, 1928. It is also undisputed that these parties met in Paris, France, in 1908 and began living together as man and wife and continued to do so from that time on; that there were three daughters born to them: one in 1918; the second in 1920, and the third in 1922. Because of the limited question on this appeal, it is unnecessary to recite more of the evidence concerning the conduct of the parties.
[5] The plaintiff (appellant) in this case charges that the court erred in dismissing her petition to set aside the decree of divorce because: (1) The decree of divorce was broader than the evidence and the pleadings, and granted relief for which there was no pleading or proof; (2) the divorce proceeding filed by the husband was fictitious, fraudulent and based upon no subject matter and no pleadings or evidence.
[6] Plaintiff argues that the divorce decree did not and could not, under the pleadings and the evidence, dissolve the St. Louis marriage contract of 1928 because the decree is outside of the issues and is broader than the allegations in the petition and the evidence. She cites that line of cases holding that a decree outside of the record issues is invalid and void and may be attacked collaterally. Friedel v. Bailey, 329 Mo. 22, 44 S.W.2d 9, 15; Sinclair Refining Co. v. Wyatt et al., 347 Mo. 862,149 S.W.2d 353; Fielder v. Fielder, Mo.App., 6 S.W.2d 968; Riney v. Riney, Mo.App., 117 S.W.2d 698; Dickey v. Dickey, Mo.App., 132 S.W.2d 1026, 1032. We have no quarrel with that general principle of law. But we do not believe it is applicable in the instant case merely because the wrong date and place of the marriage were recited in the petition. It was not necessary for the petition to allege the date and place of the marriage in order to state a good cause of action. There can be but one lawful contract of marriage between a man and a woman at a given time, and the mere fact that a wrong date and place of entering into the contract may be given, will not defeat the jurisdiction of the court. The circuit court of Jackson County had jurisdiction of the subject matter, (divorce), and acquired jurisdiction of the parties. Did it have power to enter the particular judgment which was entered? We think so.
[7] However, plaintiff argues that the court could not render a decree of divorce on any contract of marriage except the one alleged to have been entered into in 1908. This is based on the theory that since the petition prayed for a divorce from the bonds of matrimony "contracted as aforesaid," it is not broad enough to justify or to support the decree of the court dissolving the marriage contract "heretofore contracted" between the parties. If such a technical and limited rule should be adhered to, then a mere misstatement of a day or a month or a year as to the contract of marriage would render all such divorce decrees void. We are unwilling to so hold and have been cited to no case and have found none so holding. The allegation in the petition of the time and place of marriage was surplusage, so far as the cause of action was concerned, and the fact that such allegations were erroneous should not render the decree void. The purpose of the suit was to dissolve the only marriage contract existing between the parties.
[8] Plaintiff further contends that the divorce proceedings were fictitious and fraudulent because of the discrepancy in the allegation of when and where the contract of marriage was entered into and the time and place of its actual consummation. This is another way of saying that the allegation in the petition fixing the time and place of the marriage limits the petitioner and the court to a consideration and a determination of a contract entered into on that date and at that place. We think what we have said disposes of that contention. The defendant in the divorce case could not be deceived because there could be but one undissolved *Page 162 
contract of marriage between the parties at that time. We have considered the cases cited by plaintiff and do not believe they rule the point now under consideration. She cites Dorrance v. Dorrance, 242 Mo. 625, 148 S.W. 94. As we read that opinion the court is discussing the fraud perpetrated by a false affidavit which sought to give the trial court jurisdiction of the subject matter (divorce) and of the person of the defendant. That is not our case. Other cases cited announce well recognized principles of law on the subject of fraud but are not controlling here.
[9] It is also suggested in the brief that at the trial of the divorce case the plaintiff testified that his marriage to the defendant was in 1908 and therefore false. Assuming that to be true, it will not render the divorce decree void because the general rule is that perjury in connection with the merits of a case can be reached only by appeal. We cannot retry the divorce case on the merits in this proceeding. Howard v. Scott, 225 Mo. 685, 712, 125 S.W. 1158; Lieber v. Lieber, 239 Mo. 1, 143 S.W. 458; Blass v. Blass, 194 Mo.App. 624, 186 S.W. 1094; Lewis v. Lewis, 238 Mo.App. 173, 176 S.W.2d 556.
[10] It is also charged that the court erred in finding that the plaintiff (appellant) did not come into court with clean hands. We find nothing in the record to indicate that the trial court made any such finding. The record discloses that after plaintiff had introduced her evidence there was a long discussion between the court and the attorneys concerning the issues involved, and whether defendant should introduce any evidence. In this discussion the court made this observation. "Take her and his family, now, as a chancellor shall the court entertain that in equity an issue or obligation of the court, regardless of how she comes into court, whether with clean hands or not, to decide in this case the technical question of whether on the face of the record — you could go up on a certiorari and raise that point, couldn't you?" The discussion was then directed to other matters. This observation, in the nature of a question by the court, does not indicate that it made any finding one way or the other on the question of plaintiff coming into court with clean hands.
[11] Finding no reversible error, the judgment should be affirmed. It is so ordered.
[12] All concur.